### Thomas Neill, Jr., Respondent, *v.* Order of United Friends, Appellant.

Benevolent Insurance Association — By-laws — Meaning of Dis-ability to Follow "Usual or Some Other Occupation." Where the by-laws of a domestic insurance association, organized under the act for incorporating charitable, benevolent and beneficiary associations, entitle a member to payment of a benefit when permanently disabled by reason of disease or accident, from following his "usual or some other occupation," the words "some other occupation" are not to be construed as meaning that the member must be disabled from following *any other* occupation, but rather as referring to an occupation requiring substantially the same physical and mental ability as that in which he was usually engaged.

*Neill* v. *Order of United Friends,* 78 Hun, 255, affirmed.

(Argued April 29, 1896; decided May 26, 1896.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made May 14, 1894, which reversed a judgment in favor of defendant entered upon a decision of the court directing a non-suit on trial at Circuit, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. W. Van Auken* for appellant.

*W. F. O'Neill* for respondent.

Haight, J.    This action was brought to recover the sum of fifteen hundred dollars upon a certificate of membership issued to plaintiff by the defendant, a duly incorporated domestic insurance association. Under the by-laws he is entitled to recover that sum when, by reason of disease or accident, he becomes permanently disabled from following his usual or some other occupation. The plaintiff's usual occupation was that of a railroad brakeman, and while in the discharge of his duties as such he was pushed from his car by a tramp, and so severely injured that amputation of one of his legs became necessary. His injury has disabled him to such an extent

that he can no longer pursue his usual occupation. For several months he was out of employment, but of late has been engaged in watching a milk car at Weehawken, but at much lower wages.

It is contended that his disability, though permanent, is not such as to prevent him from engaging in "some other occupation;" that "some other" means *any other*, and that, consequently, he has no cause of action. Should this construction be adopted? If it is, what disability must a member suffer in order to be entitled to the benefits guaranteed to him under his certificate of membership? This question is not easily answered. He might be deprived of both feet and both hands and still be able to sit and watch a milk car, and thus engage in *some other occupation*. Such a construction would practically relieve the defendant from all liability, for total disability arising from accident seldom occurs. The defendant was organized under the act for incorporating charitable, benevolent and beneficiary associations. Being charitable and benevolent in character, its position of promising insurance yet giving none is hardly consistent. We cannot believe such a construction was intended. The first clause entitled the member to receive the benefits if *disabled from following his usual occupation;* the second clause provides for such benefits if disabled from following some other occupation. The two clauses are connected with the conjunction "or." It does not appear to us that the latter clause was intended to cut down or limit the first clause. *Usual* does not necessarily mean *entire* or *only*. A member may be engaged in more than one occupation. He may have a usual and an occasional business, either of which would come within the terms of the defendant's by-laws. "Some other occupation" should not, for reasons suggested, be construed to mean *any occupation*, for it was doubtless intended to refer to some occupation with which the member was familiar and could adopt. If the occupation referred to also has reference to one requiring substantially the same physical and mental ability of that in which he was usually engaged, the two clauses would be in harmony with each

other, and the meaning intelligible. To our minds this construction is more in accord with the spirit and intention of the defendant's charter and by-laws than that proposed by the appellant.

The order of the General Term should be affirmed and judgment absolute ordered for the plaintiff on the stipulation, with costs.

All concur.

Ordered accordingly.