STEPHEN C. LOBDILL v. LABORING MEN'S MUTUAL AID ASSOCIATION OF CHATFIELD.[1]

June 16, 1897.

Nos. 10,550—(137).

Accident Insurance—"Wholly Disabled"—What Constitutes—Question for Jury.

The defendant insured the plaintiff against loss of time effected through external, violent, and accidental injuries "wholly and continuously disabling him from transacting any and every kind of business pertaining to his occupation of merchant." *Held*:

That the evidence justified the jury in finding that he was "wholly disabled" within the meaning of the policy.

Total disability does not mean absolute physical inability to transact any kind of business pertaining to the occupation of merchant. It is sufficient if his injuries were such that common care and prudence required him to desist from transacting any such business in order to effectuate a cure.

Inability to transact some kinds or branches of business pertaining to his occupation as merchant would not constitute total disability within the meaning of the policy, provided he was able to transact other kinds or branches of business pertaining to such occupation.

[1] Reported in 71 N. W. 696.

But ability to occasionally perform some trivial or unimportant act connected with some kind of business pertaining to such occupation would not render his disability partial, instead of total, provided he was unable, substantially or to some material extent, to transact any kind of business pertaining to such occupation.

The fact that he occasionally performed some act connected with his business as a merchant would not necessarily prove that he was not totally disabled within the meaning of the policy. The frequency and nature of these acts would ordinarily be for the consideration of the jury in determining whether he was totally disabled as above defined.

Appeal by defendant from an order of the district court for Fillmore county, Whytock, J., denying its motion for a new trial after a verdict for plaintiff. Affirmed.

*Burdett Thayer*, for appellant.

*C. D. Allen* and *Gray & Thompson*, for respondent.

MITCHELL, J.

The defendant, an accident insurance company, issued its policy to plaintiff, whereby it insured him as a merchant by occupation, under classification preferred,

"in the sum of $25 per week, against loss of time not to exceed twenty-six consecutive weeks, resulting from bodily injuries effected through means aforesaid (of which there shall be external and visible signs), *wholly and continuously disabling said member from transacting any and every kind of business pertaining to the occupation above stated.*"

Plaintiff alleged that on May 21, 1895, and during the life of the policy, he was accidentally thrown from his bicycle, and violently thrown forward on his face, thereby dislocating the thumb of his right hand, breaking loose some of his teeth, and so injuring or jarring his head and neck as to affect his spine and nerves to such an extent as to produce severe nervous prostration, by reason of which injuries he was wholly and continuously disabled from transacting any and every kind of business pertaining to his occupation as a merchant for 17 weeks. The principal contest is as to the construction of that part of the policy which we have italicized, and particularly of the term "wholly disabled." Accident insurance being of comparatively recent origin, the policies do not seem to have acquired any settled form, and the decisions construing them

are comparatively few, and do not seem to have agreed on any very definite meaning to be given to the term "total disability." Such authorities as there are will be found quite fully cited in Bacon, Ben. Soc. § 501, and in Niblack, Mut. Ben. Soc. § 401 et seq. See, also, 4 Harvard Law Rev. 180.

The cases which have placed a construction upon the term "total disability" might seem to be divided into two classes, viz., those which construe it liberally in favor of the insured, and those which construe it strictly against him. Among those of the first class may be cited Hooper v. Accidental, 5 Hurl. & N. 545, 556; Young v. Travelers, 80 Me. 244, 13 Atl. 896; Turner v. Fidelity, 70 N. W. 898; and of the second class, Lyon v. Railway, 46 Iowa, 631, and Saveland v. Fidelity, 67 Wis. 174, 30 N. W. 237. Any apparent conflict in the decisions may, however, be mostly reconciled in view of differences in the language of the policies, and of the different occupations under which the parties were insured. As is well said in Wolcott v. United, 55 Hun, 98:

"Total disability must, from the necessity of the case, be a relative matter, and must depend largely upon the occupation and employment in which the party insured is engaged."

One who labors with his hands might be so disabled by a severe injury to one hand as not to be able to labor at all at his usual occupation, whereas a merchant or a professional man might by the same injury be only disabled from transacting some kinds of business pertaining to his occupation. In policies of this character the aim of the insurer usually is to get as large premiums as possible by incurring the least possible liability; and, on the other hand, after an accident occurs, the usual aim of the insured is to recover the greatest amount of indemnity for the least possible injury. All that the courts can do is to construe the contract which the parties have made for themselves; but in doing so they should give it a reasonable construction, so as, if possible, to give effect to the purpose for which it was made.

There are a few propositions applicable to the construction of the policy under consideration, which, under the evidence, are decisive of this case. The first is that total disability does not mean absolute physical inability on part of the insured to transact any

kind of business pertaining to his occupation. It is sufficient if his injuries were of such a character that common care and prudence required him to desist from the transaction of any such business so long as it was reasonably necessary to effectuate a cure. This was a duty which he owed to the insurer as well as to himself. Young v. Travelers, supra. The second is that under the particular terms of this policy, to wit, "from transacting any and every kind of business pertaining to the occupation above stated," (merchant,) inability to perform some kinds of business pertaining to that occupation would not constitute total disability within the meaning of the policy. For example, the occupation of a retail country merchant (as plaintiff was) embraces various departments or kinds of business, such as keeping the books, making out accounts, and settling with customers; waiting on customers, and doing up their purchases in packages; also the handling and arranging of goods in the store. If an injury disabled the insured merchant from transacting one or more of these branches of the business, but left him able to transact others with due regard to his health, he would not be totally disabled within the meaning of this policy.

But the mere fact that he might be able, with due regard to his health, to occasionally perform some single and trivial act connected with some kind of business pertaining to his occupation as a merchant would not render his disability partial instead of total, provided he was unable, substantially or to some material extent, to transact any kind of business pertaining to such occupation. To illustrate this proposition by reference to the evidence in this case, it appears, as we shall assume, that on one or two occasions where the plaintiff went into his store when down town for other purposes, he handed out some small article to a customer, and took the change for it. This would not necessarily prove that he was able to attend to the business of waiting on customers, and that he was not "wholly disabled" within the meaning of the policy. He might be able, on temporary visits to the store, occasionally to perform a trifling act of this nature, and yet be substantially and essentially unable to transact any kind of business pertaining to his occupation of merchant. The frequency and nature of these acts would be for the consideration of the jury in determining whether he was totally

69 M.—2

disabled, but would ordinarily be by no means conclusive on that question.

It only remains to apply these principles or rules to the evidence. The evidence was, as might be expected, conflicting; but that introduced on part of the plaintiff reasonably tended to show that the dislocation of his thumb was by no means the most serious of his injuries; that by his fall he so injured his head and neck as to produce severe nervous prostration, which so seriously affected his general health and strength as to render him unable to transact, to any material or substantial extent, any part of his business as merchant; that due regard to his health required him wholly to desist from attempting to do so, and that he was so advised by his physician; that when at home he went down town several times a week to receive medical treatment from his physician, and to get shaved; that when he did so he would frequently go into his store, and sit down for a brief time, but when there took no part or interest in the transaction of the business except the trivial acts on two or three occasions already referred to; that upon the advice of his physician he went to Chicago to consult a medical specialist; that when he returned, his health not appearing to be improved, his family took him off on two occasions on a summer outing; and that it was not until the last of September or the first of October that he was sufficiently recovered to give any considerable attention to any part of his business. This evidence, in our judgment, justified the jury in finding that he was, for the full 17 weeks, wholly disabled, within the meaning of the policy, from transacting any and every kind of business pertaining to his occupation as a merchant.

The requests to charge referred to in the assignments of error were properly refused, for the reason, if no other, that they all assumed that if the plaintiff on some particular date performed some single act connected with his business,—as, for example, handing a customer a package of garden seeds, or a dozen of nails,—it necessarily followed that he was not "wholly disabled" at that date within the meaning of the policy.

In his application for this insurance the plaintiff stated the value of his time to be $25 a week. It cropped out on the trial that he held like insurance for like amounts in three other companies. As

no point was made on the trial but that he was entitled to recover, if at all, $25 a week during his total disability on the policy in suit, the question of the effect of the other insurance on the amount he is entitled to recover is not before us.

Order affirmed.