## GEORGE COLLOPY v. MODERN BROTHERHOOD OF AMERICA.[1]

June 30, 1916.

Nos. 19,852—(203).

**Benefit certificate — statute of limitations inapplicable — total disability.**

The certificate issued by defendant, a fraternal beneficiary society, provided for (1) the payment of a certain sum to plaintiff's widow upon his death; (2) the payment of a certain sum to him in case of an accidental injury causing the fracture of a limb or the loss of a hand, foot, or eye: (3) the surrender of the certificate and payment to him of one-half of the death benefit in case of permanent and total disability, and (4) payments to him of the same amount payable in case of death in ten annual instalments, beginning on his seventy-first birthday, if he was then physically disabled. This action was brought under the third provision. It is *held*:

(1) The statute of limitations does not bar plaintiff's cause of action, since it did not accrue upon the mere occurrence of plaintiff's permanent and total disability, but only upon his election thereafter to take under the third provision, make a demand therefor, present defendant with sufficient proof of his right thereto, and upon defendant's wrongful rejection of the demand.

(2) The evidence sustains the verdict that plaintiff was afflicted with "permanent and total disability," "which renders him unable to carry on or conduct any vocation or calling" under the construction given a similar provision in Monahan v. Order of Columbian Knights, 88 Minn. 224.

[1] Reported in 158 N. W. 625.

---

Note.—As to what constitutes total disability of insured, see notes in 38 L.R.A. 529; 23 L.R.A.(N.S.) 352; 29 L.R.A.(N.S.) 635; 34 L.R.A.(N.S.) 126.

(3) The court's instructions were in accordance with the decision cited, and substantially correct.

Action in the district court for Washington county upon defendant's benefit certificate to recover $1,000 for permanent disability. The answer set up the statute of limitations as stated in the opinion. The case was tried before Stolberg, J., who denied defendant's motion for judgment on the pleadings on the ground that the pleadings showed upon their face that the cause of action was barred by the statute of limitations, and a jury which returned a verdict for the amount demanded. From an order, Nethaway, J., denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Sparrow & Page* and *Comfort & Comfort,* for appellant.
*Wilson & Thoreen* and *George H. Sullivan,* for respondent.

HOLT, J.

Since March 31, 1904, plaintiff has been a member in good standing of defendant, the Modern Brotherhood of America, a fraternal beneficiary society, and is the holder of a benefit certificate issued by the society. In consideration of the membership fee and certain assessments, to be paid by plaintiff, the certificate secured these benefits: (1) The payment to his widow of two thousand dollars, in case of his death; (2) the payment of a certain sum to him in case of the accidental fracture of an arm or leg, or the loss of a hand or a foot, or an eye; and, in case the accidental injury results in less than total permanent disability, the certificate may be kept in force for the original amount by payment of the necessary dues and assessments, but should the member die, from any cause, within one year from the date of receiving payment for such accidental injury, the amount so paid shall be deducted from the amount stipulated to be paid the beneficiary; (3) "within a period of ninety days after the receipt of satisfactory proofs of the permanent and total disability of said member, which renders him unable to carry on or conduct any vocation or calling, and the surrender of this certificate, one-half the amount that would have been due the beneficiary in case of the member's death, will be paid to said member in full payment of this certificate"; and (4) in case of a permanent disability the payment of $200 annually beginning with

his seventy-first birthday, the payment so made to be credited on the certificate and deducted from the amount payable upon death. In 1913 plaintiff presented proofs of his permanent and total disability to defendant, offered to surrender his certificate, and demanded one-half of the amount which would be payable to the beneficiary upon plaintiff's death. The claim was rejected. This action followed and resulted in a verdict for plaintiff. The appeal is from the order denying defendant a judgment notwithstanding the verdict and also a new trial.

Defendant pleaded the statute of limitations as a bar. And it earnestly insists that the record conclusively shows the action barred, hence its motion for a directed verdict should have been granted, and it is now entitled to judgment notwithstanding the verdict. It appears that in 1906, while at work in a sawmill, plaintiff was struck on the elbow by a flying stick of timber and seriously injured. Paralysis supervened, and by degrees has extended to the nerves controlling the muscles of the arm and back, so that now plaintiff claims to be permanently and totally disabled from carrying on any vocation or calling. The proof is said to be conclusive that more than six years before the suit was instituted plaintiff's disability was as permanent and total as it is now. According to the view we take of the rights and obligations of the parties under this certificate, it does not affect this lawsuit if it be conceded that the accident at once produced permanent and total disability in plaintiff. In other words, we think a proper construction of the provision, above quoted from the certificate, is that an action does not accrue thereon until the member has made a demand thereunder and has presented proofs which entitle him to the demand. Indeed, it may be doubted whether an action may be said to accrue when the demand is rejected, except in a case where the action is based upon that very demand, for subsequent demands and subsequent proofs may be made. It is to be noticed that the provision here in question is entirely independent of the other benefit provisions of the contract. It need not arise from accident. There is nothing to indicate that it must be asserted when the disability occurs. The clear inference is that the member, who becomes permanently and totally disabled, may thereafter, and at such time as he choose, elect to surrender his certificate and take one-half of the amount which in the event of death would go to his beneficiary. Since the disabled member has a right to take under that

provision without regard· to the cause of the disability, there can be no reason for notice of the time when it first took place. The longer the member remains and pays dues and assessments, the better for the society. His right to make a demand under this provision depends upon his condition at the time of the demand, and the longer such condition has existed the more certainly can it be determined whether or not there is permanent and total disability. The provisions in the by-laws of notice and limitation of time for bringing suit relate to claims for death and accidental benefits and not to the one here in question. Neither the statute of limitations, nor the limitation for bringing suit contained in the certificate and by-laws of defendant, can have any bearing upon the cause of action here asserted.

Plaintiff made proof of his claim in accordance with the certificate and defendant's by-laws. It was rejected. The jury found plaintiff permanently and totally disabled within the purview of the certificate. Defendant contends that the evidence does not sustain this finding. The evidence has been carefully examined. Considering the proof in the light of the construction placed upon a certificate, essentially the same as the one in the case at bar, in Monahan v. Order of Columbian Knights, 88 Minn. 224, 92 N. W. 972, we have no hesitancy in saying that the verdict for plaintiff finds ample support in the evidence.

The last contention is, that a new trial should be granted for errors in the charge, citing in support Lyon v. Railway Passenger Assurance Co. 46 Iowa, 631; B. & O. Employees' Relief Assn. v. Post, 122 Pa. St. 579, 15 Atl. 885, 2 L.R.A. 44, 9 Am. St. 147, where stress is laid upon the fact that defendant was a relief association and not an insurance company; Albert v. Order of Chosen Friends, 34 Fed. 721; Hutchinson v. Knights of Maccabees, 68 Hun, 355, 22 N. Y. Supp. 801, where, however the by-law stating that total disability "to perform or direct any kind of labor or business" was inapplicable; and Knights of Maccabees v. King, 79 Ill. App. 145. But the charge conformed closely to the views expressed in Monahan v. Order of Columbian Knights, supra, and in Lobdill v. Laboring Men's Mut. Aid Assn. of Chatfield, 69 Minn. 14, 71 N. W. 696, 38 L.R.A. 537, 65 Am. St. 542. Those views still appeal to us as sound. To the authorities there considered and cited may be added: United States Casualty Co. v. Hanson, 20 Col. App. 393, 79 Pac. 176; Neill v. Order of

United Friends, 149 N. Y. 430, 44 N. E. 145, 53 Am. St. 738; Industrial
Mut. Indemnity Co. v. Hawkins, 94 Ark. 417, 127 S. W. 457, 29 L.R.A.
(N.S.) 635, 21 Ann. Cas. 1029; Brotherhood of Locomotive F. & E. v.
Aday, 97 Ark. 425, 134 S. W. 928, 34 L.R.A. (N.S.) 126; Foglesong v.
Modern Brotherhood of America, 121 Mo. App. 548, 97 S. W. 240. The
last cited case construes the very same provision here under consideration
in a certificate issued by this defendant and is in line with the decisions
of this court above referred to.

Since the statutes of limitations cannot bar a recovery here, no error
in the submission of the question of waiver can avail defendant and need
not be considered. Nor is it of any importance that plaintiff at one time
sought to claim under the provision of accidental loss of a hand, for that
is distinct from the one under which he now claims, and, moreover, the
injury received was not covered by the certificate.

The record fails to show error prejudicial to defendant. The order is
affirmed.