## JOHN HAYES v. NORTH AMERICAN LIFE & CASUALTY COMPANY.[1]

January 6, 1922.

No. 22,580.

**Accident insurance—total disability question for jury.**

    1. Plaintiff was insured against accidental injuries and brought suit on the policy. Whether his injuries caused immediate total disability was a question for the jury, although he performed his usual duties for part of a day after the accident.

**Charge as to amount of verdict.**

    2. The court properly instructed the jury that they must return a verdict either for the amount claimed by plaintiff or for the amount admitted by defendant.

Action in the district court for Wabasha county to recover $549 on an accident insurance policy. The case was tried before Callaghan, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Leroy Bowen,* for appellant.

*Murdoch & Lothrop,* for respondent.

    [1]Reported in 186 N. W. 136.

TAYLOR, C.

Plaintiff was insured by defendant against accidental injuries. He sustained an injury on March 23, 1918, which he claimed totally disabled him from that date until July 15, 1919. The policy provides:

"If such bodily injury * * * shall wholly and continuously disable and prevent the assured from attending to any and every kind of duty pertaining to his occupation, the company will pay for the full period of such total disability indemnities at the monthly rate herein provided.

"If such bodily injury shall not immediately, but shall, within thirty days after the date of accident totally disable the assured; or if such bodily injury shall either immediately after the accident or immediately after a period of total disability continuously prevent the assured from performing some one or more but not all important duties pertaining to his occupation, the company will pay for not to exceed sixty consecutive days, an indemnity at one-half the monthly rate herein provided."

Plaintiff claimed that he was totally disabled within the meaning of the first paragraph above quoted, and entitled to indemnity at the full monthly rate for the full period of disability. Defendant claimed that plaintiff was not totally disabled immediately after the accident, within the meaning of the second paragraph above quoted, and therefore is only entitled to indemnity at one-half the monthly rate for the period of 60 days and tendered that amount. The court instructed the jury to the effect that they should determine whether plaintiff's disability became total at the time of the accident or later; that, if they found that it became total at the time of the accident, they should return a verdict for the amount claimed; that, if they found that it became total later, they should return a verdict for the amount admitted by defendant. They returned a verdict for the full amount claimed. Defendant appeals from an order denying a new trial, and contends that the evidence does not warrant a finding of immediate total disability.

Plaintiff was a passenger conductor on the Milwaukee railroad. He ran from Wabasha, Minnesota, to Faribault, Minnesota, and back, every day except Sunday. On Saturday, March 23, 1918, he made his usual run to Faribault and started on his return. When he reached Midland Junction, five miles from Wabasha, he alighted from the train to telephone for orders. A sort of ladder, having two iron rungs or steps about one and one-half inches in width, was attached to the side of the car for the use of the trainmen in entering and leaving it. On receiving his orders plaintiff signaled the engineer to proceed, and, as the train started, attempted to enter the car by means of these steps. His foot slipped from the lower step through the ladder, and caught in such a manner that he sustained an injury to his knee and to the skin and tissues along the shin bone. He was helped into the car and into a chair in which he rode the remaining five miles to the end of his run. On arriving at the station he made his report and then went home in a buss as he usually did. The next day, being Sunday, his train did not run, and he remained at home where his wife treated his leg with hot applications. On Monday he started on his regular run and performed his usual duties until about half way to Faribault, when the pain in his leg became so severe that he took a seat in the coach and abandoned the attempt to perform his active duties. During the remainder of the trip to Faribault and the entire return trip, his duties were performed by the brakeman, except that he wrote out his report himself. On reaching home Monday night he called a doctor; on Tuesday he remained at home; on Wednesday he went to a hospital; on Friday an operation was performed. He remained at the hospital about two months and then returned home. He was unable to move about except on crutches until July 1, 1919. He resumed his duties July 15, 1919.

From the fact that plaintiff started on his regular trip on Monday and performed his duties for two or three hours, defendant argues that his injuries did not cause immediate total disability.

"Total disability does not mean absolute physical inability on the part of the insured to transact any kind of business pertaining to his occupation. It is sufficient if his injuries were of such a char-

acter that common care and prudence required him to desist from the transaction of any such business so long as it was reasonably necessary to effectuate a cure." Lobdill v. Laboring Men's Mutual Aid Assn. 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. 542.

This rule was approved and applied in Monahan v. Supreme Lodge of O. C. K. 88 Minn. 224, 92 N. W. 972. The fact that plaintiff undertook to make his regular trip, but was only able to perform the necessary duties for a small part of the day, is persuasive evidence that he failed to appreciate the seriousness of his injuries. That he actually succeeded in performing these duties for two or three hours before his injuries forced him to desist, is not sufficient to establish as a matter of law that he was not totally disabled immediately after the accident within the meaning of the policy. And whether the disability became total at the time of the accident or not until later, was, under the evidence, a question for the jury. McKay v. Minnesota Commercial Men's Assn. 139 Minn. 192, 165 N. W. 1061. The court properly submitted it to the jury and we find no reason for doubting the correctness of their conclusion.

Defendant complains of the action of the court in submitting to the jury only two forms of verdict, one for the full amount claimed, and the other for the amount admitted by defendant. The particular point urged is that plaintiff notified the railroad company on July 5, 1919, that he would be ready to go to work on July 15, and that the jury might have found that his disability ceased as early as July 5. When plaintiff rested defendant also rested without offering any evidence, and plaintiff's testimony that he was not able to go to work on July 5, but gave the notice in the expectation that he would be able to do so on July 15, and that he was not able to resume his duties at any time before July 15, 1919, is in no way disputed or contradicted. No objection to submitting the case in this manner was made at the trial and we think defendant's contention without merit.

Order affirmed.