# ELICE SCHWARTZ, Respondent, v. NATIONAL ACCIDENT SOCIETY, Appellant.*

St. Louis Court of Appeals. Opinion Filed December 2, 1924.

1. **INSURANCE: Health and Accident Insurance: Assured Injured: Indemnity: Evidence: Question for the Jury.** In an action on a policy of health and accident insurance for injuries claimed to have been received by plaintiff while walking on a sidewalk of a public street, by being kicked by a horse, causing her to be confined to her bed for a period of seven weeks, evidence reviewed and *held* that plaintiff made out a case for the jury, and adduced testimony sufficient, if believed, to support the jury's verdict in plaintiff's favor for the full amount of the seven weeks' indemnity sued for.

2. **TRIAL PRACTICE: Instructions: Failure to Require Finding Premium was Paid and Policy in Force at Time of Accident: Not Error in View of Evidence.** In an action on a health and accident insurance policy, failure of an instruction for plaintiff to require the jury to find that the premium on the policy had been paid, and that the policy was in force and effect at the time of the accident, was not erroneous, where defendant's answer admitted the issuance and delivery of the policy, and it contained recitals showing that it was in force and effect at the date of the accident, and that the premium had been paid.

3. **INSURANCE: Health and Accident Insurance: Vexatious Refusal to Pay: Statute: Construction.** Under section 6337, Revised Statutes 1919, the court or jury may, in addition to the amount of the loss, on insurer's vexatious refusal to pay the loss, allow plaintiff damages not to exceed ten per cent. and any reasonable attorney's fee, and the court may enter judgment for the aggregate sum found in the verdict.

4. ———: ———: ———: **To Warrant Recovery There Must be Appropriate Pleading Supported by Proof.** To warrant a recovery under section 6337, Revised Statutes 1919, for vexatiously refusing to pay the loss, there must be appropriate allegations in the petition showing the facts constituting vexatious delay, and such allegations must be supported by proof.

---

*(1) Accident Insurance, 1 C. J., Sections 334, 340; (2) Trial, 38 Cyc, p. 1615; (3) Accident Insurance, 1 C. J., Section 362; (4) Accident Insurance, 1 C. J., Section 362.

Schwartz v. Nat. Acc. Society.

5. **JUSTICE OF THE PEACE:** Pleading: Sufficiency: Determined by Statute. Where plaintiff began her action on a health and accident insurance policy before a justice of the peace, the sufficiency of her pleadings must be determined by the requirements of section 2735, Revised Statutes, 1919.

6. **PLEADING:** Petition: Attacked First Time After Verdict: Sufficiency: Rule Stated. A petition when attacked for the first time after verdict will be regarded as sufficient, if, after allowing all reasonable implications and intendments in its favor, there appears to be a sufficient statement to apprize defendant with reasonable certainty of the character of the action and the issues to be met, and bar another action for the same subject-matter.

7. **JUSTICE OF THE PEACE:** Pleading: Petition: Allegations Sufficient to Sustain Judgment. A petition in an action to recover on a health and accident insurance policy and for vexatious refusal to pay loss, when judged as a pleading before a justice of the peace and after verdict *held* the petition states sufficient allegations to sustain the judgment.

8. **INSURANCE:** Health and Accident Insurance: Vexatious Refusal to Pay Loss: Evidence: Question for the Jury. In an action on a health and accident insurance policy, *held* the evidence warranted the submission of the question of vexatious refusal to pay to the jury.

9. ——: ——: ——: Attorney's Fees: Verdicts: Failure of Jury to Include Ten per cent Additional Damages: Insurer Cannot Complain. In an action on a health and accident insurance policy, where the jury awarded plaintiff an attorney's fee, but failed to include in their verdict an additional ten per cent as damages for vexatious refusal to pay, though it was a technical error to assess attorney's fees without ten per cent for damages, yet the error is in favor of the defendant and against the plaintiff, and the defendant, under these circumstances, will not be heard to complain.

---

(5) Justice of the Peace, 35 C. J., Section 226; (6) Pleading, 31 Cyc, p. 769; (7) Justice of the Peace, 35 C. J., Section 229; (8) Accident Insurance, 1 C. J., Section 337; (9) Appeal & Error, 4 C. J., Section 2893.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*Hudson & Hudson* for appellant.

(1) In submitting the question of attorney's fees and vexatious delay to the jury, the court erred, because: First. There were not facts sufficient pleaded in the petition to show vexatious delay. Second. There were not facts sufficiently proven by plaintiff to permit her to recover. Third. There was a grave question as to the liability of the defendant under the evidence. Dolph v. Maryland Casualty Co., 261 S. W. 330; Cradick v. The Hancock Mutual Life Ins. Co., 256 S. W. 501; Fay v. The Aetna Life Ins. Co., 268 Mo. 373, 187 S. W. 861; Glauer v. L. & L. C. S. Ins. Co., 193 Mo. App. 489, 186 S. W. 583. (2) Giving instruction 1 at the request of plaintiff was reversible error: First. Because the first instruction purports to cover the whole case for plaintiff and it failed to do so because it did not require the jury to find first that the premium on the policy had been paid; or, second, that said policy was in full force and effect at the time of the alleged accident. Hufft v. Railroad Co., 222 Mo. 286; DeGonia v. Railroad Co., 220 Mo. 564; Hall v. Coal Company, 260 Mo. 351; State v. Ellison, 270 Mo. 645; State v. Ellison, 272 Mo. 571; Korte v. Manufacturing Co., 247 S. W. 417. (3) Instruction 2, requested by plaintiff, should not have been given, as it did not correctly state the law. Dolph v. Maryland Casualty Co., 216 S. W. 330; Cradick v. John Hancock Mutual Life Ins. Co., 256 S. W. 501. (4) The court erred in not giving Instruction D-11, asked for by defendant, for the following reasons: First: Plaintiff did not plead facts sufficient in her petition to entitle her to either attorney's fees or vexatious delay. Second: At the time of the trial the company had grave reason to believe plaintiff was not hurt at all for she had refused to permit a doctor, sent by defendant for the purpose of examination, to examine her, and when a doctor was permitted to examine her, her body was so painted with iodine nothing' could be

told about her injuries by an examination, with pulse and respiration normal. Blackwell v. A. C. I. Co., 80 Mo. App. 75; Kahn v. L. A. Co., 187 Mo. App. 216; Fager v. Com. U. A. Co., 189 Mo. App. 464; Watson v. A. I. Co., 192 Mo. App. 282; Non-Royalty S. Co. v. P. A. Co., 210 S. W. 37; Berryman v. M. M. Car Co., 204 S. W. 738. (5) In giving the Instructions 1 and 2, asked for by plaintiff, and in refusing to give Instruction D-11, asked for by defendant, the court did not instruct the jury as to the law in the case and while the giving of Instruction 2 was not reversible error, and the refusing of Instruction D-11 was not reversible error, they were both errors and combined with the giving of Instruction 1, asked for by plaintiff, this defendant was denied a fair and impartial trial and the verdict of the jury is the result of the misdirection of the court in its instructions and led the jury to believe that the defendant had no reason to resist the payment of any claim plaintiff made. And the combined influence of all three instructions constitutes the second reversible error. Ramsey v. Pa. U. Assn., 71 Mo. App. 380; See cases cited under Point 2.

*Max Sigoloff* for respondent.

(1) No instruction necessary in the absence of pleading or evidence of nonpayment of premium. Lightner v. Durnham, 195 S. W. 1054. (2) The court did not err in refusing to give defendant's instruction D-2 for the reason that said instruction required the jury to consider before finding in favor of plaintiff, in addition to plaintiff being "wholly prevented from attending to any and every kind of business," that at said time "she was actually confined to her bed." The giving of this instruction would have been error, because it undertook to create a different contract from that in suit. Cockrell v. Williams, 195 Mo. App. 400. Moreover, the appellant admits that it was not reversible error for the court to

have given plaintiff's instructions 1 and 2. (3) An instruction assuming the payment of premiums or the delivery of the policy is not error where that question is not in issue. Zackwik v. Hanover Fire Ins. Co., 225 S. W. 138. (4) There was sufficient evidence in this case to warrant a jury to find in favor of plaintiff for vexatious delay in allowing attorneys' fees. Reuter v. N. W. Ins. Co., 243 S. W. 197; West v. National Life & Accident Co., 258 S. W. 13. (5) Possession of policy raises a presumption in favor of plaintiff that it had been paid for, and the introduction of the policy and proof of loss makes out a prima-facie case. The plaintiff was entitled to every favorable inference and the jury were the sole judges of the credibility of the witnesses. Lafferty v. Kansas City Cas. Co., 229 S. W. 753.

BECKER, J.—Plaintiff brought her action before a justice of the peace in the city of St. Louis upon a policy of health and accident insurance issued to her by the defendant company. Upon a trial of the case *de novo* on appeal in the circuit court a verdict was returned for plaintiff for the amount alleged in plaintiff's petition to be due under the policy, namely, $175 plus interest amounting to $12.25 and attorney's fees of $75, the total verdict aggregating $262.25. From the resulting judgment the defendant appeals.

Plaintiff's petition alleges that on December 12, 1920, in consideration of the statements in plaintiff's application and of a premium of ten dollars paid by her, the defendant company issued and delivered to her its policy of health and accident insurance for the term of one year; that on August 3, 1921, while the policy was in full force and effect, plaintiff, while walking on a sidewalk of a public street in the city of St. Louis, was kicked by a horse that was tied to a telegraph pole; that plaintiff thereby suffered injuries which confined her to her bed for a period of seven weeks; that under the terms of the policy a weekly indemnity of $25 per week

for a period not to exceed seven weeks is provided in the event the insured meets with injuries as the result of being kicked by a horse or gored by a bull or cow, provided such injuries shall from the date of the accident continuously and wholly prevent the insured from attending to any and every kind of business; that due notice of said injuries and the cause thereof was furnished to said defendant, and that plaintiff demanded $175 of said defendant, being the amount due plaintiff under the terms of the policy of insurance in question, but that defendant vexatiously refused to pay plaintiff and still refuses to pay said sum or any part thereof, and plaintiff prayed judgment for $175 together with interest thereon from the 28th day of December, 1921, and ten per cent damages thereon and a reasonable attorney's fee for the prosecution of her suit for the said defendant's vexatious refusal to pay plaintiff said loss, and costs.

The defendant's answer admitted the issuance to plaintiff of its policy of health and accident insurance as stated in plaintiff's petition, and set up four special defenses: First, that the plaintiff had made false and fraudulent warranties in her application for the policy in question in that she stated she had no other health or accident insurance, when in fact plaintiff knew that she was insured in the North American Accident Insurance Company and in another company, the name of which was unknown to the defendant; second, that if plaintiff sustained any injuries they were not sufficient to prevent her from wholly attending to any and every kind of business, nor did they confine her to her home at any time; third, that under the provisions of the policy with reference to insurance carried by the insured in any other company than the defendant, the defendant is liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and that therefore the defendant, if liable at all under its policy of insurance, the plaintiff having two other policies in

two other companies, is liable only for $8.33 per week instead of $25 per week; fourth, that under the terms of the policy the defendant "shall have the right and opportunity to examine the person of the insured when and so ofter as may be reasonably required during the pendency of the claim hereunder;" that such provision is a condition precedent to the payment of any disability claim and that plaintiff refused the defendant the right to examine her as provided by said terms of the said policy.

Plaintiff adduced evidence which if believed by the jury warranted a verdict in plaintiff's favor for the full amount of her claim of $175 and interest as prayed in her petition.

Though we have read the record before us carefully we have not found any testimony adduced on behalf of the defendant in support of the charge in its answer that the plaintiff made fraudulent and false warranties and representations in her application for the policy, or that the plaintiff carried any other insurance than the policy in question.

As to the defense that the plaintiff's injuries, if any, were not sufficient to prevent her from wholly attending to any and every kind of business, a witness for the defendant, Nelson by name, testified that he was employed as a special investigator by the defendant and that he called at plaintiff's home two weeks after the date on which plaintiff alleges she had been kicked, and found plaintiff with a broom in her hand sweeping up crumbs around the floor near the table; that upon his telling her the object of his visit plaintiff immediately went to the bed, sat down on it and complained about her ills, and that three days thereafter when he made another call he found plaintiff sitting on her door step, and that when plaintiff saw him she went into her home and when he entered the house he found her in bed.

About fifteen days after plaintiff suffered her accident Dr. Glasscock, a witness for defendant, testified

that he went to plaintiff's house, where he met by previous arrangements Dr. Pasceutia, the plaintiff's attending physician. Dr. Glasscock on direct examination, when asked what objective symptoms he discovered during his examination of the plaintiff, answered: "She seems to have severe pains all over her abdomen everywhere at touch. I found an area six or eight inches painted with iodine and she claimed she had been kicked by a horse at this point, and from the discoloration of the iodine I could not tell whether there was a discoloration of the skin or not. She said there was great pain there." Q. "Now, doctor, do you remember just what particular region she claimed to pain at this time? A. Well, she claimed it was sore from about the navel up and into the right side." Q. "Did pressure on that part of the body indicate she was suffering pain there? A. Anywhere I placed my hand on her abdomen she said she was sore throughout." Q. "All through? A. Yes, sir."

Dr. Glasscock testified that in his opinion if plaintiff had been hurt as much as plaintiff said she was there would have been swelling and discoloration of the skin, which he did not find, and that in his opinion even though there had been swelling for fifteen days after the injury that the plaintiff would not have been obliged to stay in bed seven weeks. He further testified that his examination took about an hour and a half.

Dr. Van Hoefen, as a witness for defendant, testified that at the request of the defendant he called on the plaintiff and told her the object of his visit was to examine her for the defendant company and that she refused to permit him to make an examination. Dr. Van Hoefen stated that the date of his visit was August 23, 1921, being five days after Dr. Glasscock had examined plaintiff and but six days after the witness Nelson had been to see plaintiff as an investigator.

Plaintiff herself, in rebuttal, testified that when Nelson visited her he found her in bed and that she had

never seen Dr. Van Hoefen at her house and did not have any talk with him.

There can be no question but that under the record in this case plaintiff made out a case for the jury and adduced testimony sufficient also, if believed, to support the jury's verdict in plaintiff's favor for the full amount of the seven weeks indemnity sued for.

There is no merit in appellant's contention that plaintiff's main instruction contains reversible error in failing to require the jury to find, first, that the premium on the policy in question had been paid, and, second, that the said policy was in force and effect at the time of the alleged accident.

Defendant's answer itself admits the issuance and the delivery of the policy in question to the plaintiff as of the 12th day of December, 1920, and the policy itself carries the recitation to the effect that "in consideration of the statements in the application, a copy of which is endorsed hereon and made a part hereof, and of ten dollars premium, hereby insures Elice Schwartz, St. Louis, Missouri . . . for the term of one year from noon, standard time, of the day and at the place this policy is dated. . . :" Consequently it was not necessary to burden the said instruction with the requirement that the jury find either that the premium was paid or that the policy was in force and effect on August 13, 1921, the time of the alleged accident.

We next take up the contention which is here seriously urged that "there were not facts sufficiently pleaded in the petition to show vexatious delay."

It is no longer open to question but that under section 6337, Revised Statutes of Missouri 1919, which provides that in actions against insurance companies, should it appear from the evidence that such company, "vexatiously refused to pay such loss," the court or jury may, in addition to the amount thereof, allow the plaintiff damages not to exceed ten per cent, and any reasonable attorney's fee and that the court may enter judgment for the aggregate sum found in the verdict; that

in order to warrant the recovery thereunder there must be appropriate allegations in the petition showing the facts constituting vexatious delay, and that such allegations must be supported by proof. [Aufrichtig v. Insurance Co., —Mo. —, 249 S. W. 916; Non-Royalty Shoe Co. v. Insurance Co., 277 Mo. 420, 210 S. W. 37; Fay v. Insurance Co., 278 Mo. 389, 187 S. W. 861; Young v. Insurance Co., 269 Mo. 7, 187 S. W. 856.]

As to the sufficiency of the pleading in the instant case, we note that plaintiff began her action before a justice of the peace. The pleading must therefore be determined by the requirements of section 2735, Revised Statutes of Missouri 1919. [Conn. Co. v. Orr, 150 Mo. App. 705, 131 S. W. 765; Steinbrugge v. Insurance Co., 196 Mo. App. 206, 190 S. W. 1018.]

Defendant at no time filed a formal demurrer, nor did the defendant at the trial in the circuit court offer a demurrer *ore tenus,* in fact the record discloses that on the issue of vexatious refusal to pay *vel non* that counsel for plaintiff was permitted to testify as a witness without objection, to the services that he had rendered plaintiff in the case, and that another witness was permitted to testify, without objection, as to the value of such legal services rendered plaintiff by said attorney.

A petition when attacked for the first time after verdict, will be regarded as sufficient, if after allowing all reasonable implications and intendments in its favor, there appears to be sufficient statement to apprize the defendant, with reasonable certainty, of the character of the action and the issues to be met and bar another action for the same subject-matter. [See Heckfuss v. American Packing Co., — Mo. App. —, 224 S. W. 99; Quinley v. Traction Co., 180 Mo. App. 289, 165 S. W. 346; Wyler v. Ratican, 150 Mo. App. 474, 131 S. W. 150.]

We have carefully examined plaintiff's petition and judging it as we must as a pleading before a justice of the peace and after verdict, we must rule it states sufficient allegations to sustain the judgment herein.

Furthermore we are satisfied that the circumstances in this case are such as to warrant the submission of the question of vexatious refusal to pay to the jury. Here the company, it appears, rejected plaintiff's claim *in toto*, yet admittedly no one representing the insurance company visited plaintiff until two weeks after the date that it is alleged she met with her injuries and no testimony of any kind was adduced by defendant to controvert plaintiff's witnesses as to her actually having been kicked by a horse, or as to her being confined to her bed by the resulting injuries at least during the period of two weeks following the date of her said injuries, and on that day Dr. Glasscock, representing defendant company, found the plaintiff at her home in bed, and according to his own testimony "she seemed to have severe pains over her abdomen at touch. . . " Again, the defendant in its answer set up the defense that plaintiff had made false and fraudulent warranties and representations in her application for the policy, alleging she had other policies of accident insurance than the one in question, and that she had stated in the application that she had none such, yet the company adduced no evidence in support of this defense. The same is true with reference to the defense that instead of being liable for $25 per week, as stipulated in the policy, the company should be liable only for one-third of the amount because plaintiff had two other policies of insurance.

In this situation, having in mind that the testimony of plaintiff and her witnesses as to the accident itself stands uncontradicted, we must rule that the learned trial court properly submitted the question of vexatious refusal to pay to the jury.

Nor will the defendant be heard to complain that the jury awarded plaintiff an attorney's fee but failed to include in their verdict an additional ten per cent as damages for the vexatious refusal to pay. An examination of the instructions in the case discloses that the

question of vexatious refusal to pay was properly submitted to the jury. Though it was technical error to assess attorney's fees without assessing penalty for damages, yet the error is in favor of the defendant and against the plaintiff, and the defendant, under these circumstances, will not be heard to complain. [Non-Royalty Shoe Co. v. Insurance Co., supra, l. c. 42.].

The case was well tried and the defendant had full opportunity to present the merits of its case. We find no error in the record prejudicial to the defendant's rights, and the judgment being for the right party it should be affirmed. It is so ordered. *Allen, P. J.*, and *Daues, J.*, concur.