### HUGH J. CARSON v. NEW YORK LIFE INSURANCE COMPANY.[1]

April 9, 1925.

No. 24,521.

**Terms of life insurance policy.**

1. A life insurance policy provided for payment of a specified annual income upon "due proof * * * that the insured * * * has become wholly disabled by bodily injury or disease, so that he will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit."

**Rule as to large verdict in injury actions inapplicable.**

2. The rule that large verdicts for personal injuries may not rest wholly upon testimony of subjective character is of little application in a case of this sort, where the amount of recovery is fixed by the contract and the verdict is not conclusive as to future payments.

**Finding against company sustained.**

3. Within the rule of liberal construction of an insurance policy in favor of the insured, stated in Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn. 14, and Monahan v. Supreme Lodge O. of C. K. 88 Minn. 224, the evidence, which is not wholly of subjective character, adequately supports the finding of disability justifying a recovery.

**Proof of loss.**

4. Proof of loss sufficiently complying with the provisions of the policy was duly furnished.

[1]Reported in 203 N. W. 209.

*Headnote 2. See Accident Insurance, 1 C. J. p. 504, § 334.
Headnote 3. See Accident Insurance, 1 C. J. p. 414, § 38; p. 506, § 334.
Headnote 4. See Accident Insurance, 1 C. J. p. 477, § 188.

Action in the district court for Renville county on an insurance policy. The case was tried before Qvale, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Mitchell, Doherty, Rumble, Bunn & Butler,* for appellant.

*Lindquist & Nordstrom, C. A. Fosnes* and *John O. Haave,* for respondent.

HOLT, J.

Action upon a benefit insurance policy, trial to the court, and findings for plaintiff. Defendant appeals from the order denying the motion to amend the findings so as to grant it judgment, or a new trial.

Plaintiff was working near the top of an 18-foot telephone pole, when it broke and fell to the ground. He received a severe jolt, but could drive home in his car. After staying in bed a few days, he was able to go back to work. Within a day or two thereafter he had another mishap in that the eye of one of the climbers broke as he was high up on a pole at work, but the safety belt around his body held, so that the injury was confined to a hard jerk about the small of the back, produced when the slack in the belt ran out. Two issues were submitted to a jury and the special verdict thereon was incorporated into the findings. The first was: "Is the plaintiff now wholly disabled by the bodily injury so that he is and will be presumably permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit?" To which the answer was in the affirmative. The second was: If the plaintiff is now so wholly disabled how long has he been so? The answer was: "Since his last accident."

The defendant submits the appeal upon two contentions. The first is that there is no evidence of disability within the provisions of the

policy. The policy is a life insurance contract with an accident and disease feature reading: "Whenever the Company receives due proof * * * that the Insured * * * has become wholly disabled by bodily injury or disease, so as he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatever for remuneration or profit, and that such disability has then existed for not less than sixty days" then two things happen, viz: first, future premiums cease; second, the Company is to pay the Insured a sum equal to one-tenth of the face of the policy, this sum, called an income payment, is to be paid "one year after the anniversary of the policy next succeeding the receipt of such proof" [of disability] "and a like sum on each anniversary" thereafter during the continuance of the disability. It also provides that "the Company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon failure to furnish such proof, or if it appears that the Insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made."

Defendant claims that no permanent disability may rest upon testimony of a subjective character only, and cites Johnson v. G. N. Ry. Co. 107 Minn. 285, 119 N. W. 1061; Haugen v. N. P. Ry. Co. 132 Minn. 54, 155 N. W. 1058; Lowe v. Armour Packing Co. 148 Minn. 464, 182 N. W. 610; Levan v. C. R. I. & P. Ry. Co. 158 Minn. 69, 196 N. W. 673. In the first two, a new trial was granted unconditionally because of excessive damages; in the last two, this court reduced the verdict, but as reduced the recovery was for a very substantial amount. Each case involved compensation in a lump sum for pain and loss of earnings both past and future. In this case the parties have agreed upon the amount of the recovery, if such disability occurs "that the insured * * * is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit." So the only question is whether the disability proven comes within the definition stipulated. It may also be noted that this contract is so drawn that a decision either by the parties or the

court that disability exists and will presumably permanently exist is not conclusive, but, at any time, income payments may cease if the insured, when called upon, fails to prove that it continues or the insurer proves that it does not exist. The consequences resulting from the verdict or judgment in a suit to recover the income payment under a policy like this are not the same as in the ordinary damage suit for personal injury. In the latter the verdict must include the entire damages sustained. What is not so included is beyond recovery. In the former the parties have recognized the fact that proof may only be presumptively correct as to the future, and that which appeared to be a permanent disability may not be such in the long run. The proof furnished and accepted, or the judgment establishing disability entitling the insured to the income payment is not conclusive as to future income payments.

The evidence in the case at bar is not wholly of a subjective character. Some of the doctors found ankylosis of the vertebrae next above the sacrum. One shoulder was considerably lower than the other. There was a slight curvature of the spine. In his walk there is a peculiar dragging of one foot. He was given a thorough physical examination jointly by the physicians who testified, and while they differ as to whether complete disability exists, and which will presumably be permanent, none venture the opinion that he is shamming, or that he is now capable or ever will be capable of sustained hard work. The farthest any expert went as to ability at the time of trial was that he could engage in an occupation where the work could be done sitting still. Plaintiff, however, claims he cannot even sit upright for any length of time, unless he bears his weight partly on his hands. He must now wear a body brace continuously.

The provision for this insurance is in the language of defendant's choosing. It is to be construed liberally in favor of the insured. That rule was adopted by this court in Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. 542. The policy there read somewhat differently in that the disability insured against was such as disabled the insured wholly and continuously from transacting any and every kind of business pertaining to his occupation of a merchant, while here it

is such disability as prevents the insured from engaging in any occupation whatever for remuneration or profit. In the Lobdill case disability was confined to the work or business of the occupation of the insured; whereas here the disability, seemingly, must be such as to prevent the insured from engaging in any sort of an occupation. But it is submitted that a reasonable meaning must be given to the provision. The intention was to provide an income as a substitute, in a measure, for the earnings in an occupation he was capable of filling, but which the disability prevents him from engaging in. Any other occupation for this insured, an ordinary farmer and telephone repair man, could not reasonably be said to include that of a highly specialized scientist, the work of which the physical disability may not prevent his doing, but in which he can never hope to engage because of lack of mental qualification and training. It must mean any occupation similar to that in which he had ordinarily been engaged, or for which he may be capable of fitting himself within a reasonable time. If the disability prevents the insured from performing the essential parts of such an occupation with substantial continuity it should entitle to the income payment promised.

The language of the policy here is practically the same as in Monahan v. Supreme Lodge O. of C. K. 88 Minn. 224, 230, 92 N. W. 972, and wherein the construction arrived at supports the claim that plaintiff has here proven his cause of action. There Young v. Travelers Ins. Co. 80 Me. 244, 13 Atl. 896; Neill v. Order of United Friends, 149 N. Y. 430, 44 N. E. 145, 52 Am. St. 738, and some like cases, were cited with approval and this construction of the learned trial court, Judge Brooks, adopted, viz: "The words 'following any occupation' mean something more than the doing of one or more acts pertaining thereto. They involve the idea of continuity, and involve, also, the doing of all those things which are an essential part of the work or business in which a party is engaged." See also Collopy v. Modern Brotherhood of Am. 133 Minn. 409, 158 N. W. 625; Aaberg v. Minnesota Commercial Men's Assn. 143 Minn. 354, 173 N. W. 708; Hayes v. North Am. Life & Casualty Co. 151 Minn. 124, 186 N. W. 136. We are not inclined to adopt

the strict construction of insurance contracts in vogue in some of the states and as somewhat reluctantly adhered to in Hurley v. Bankers' Life Co. 198 Iowa 1129, 199 N. W. 343, where supporting cases are cited. We think the evidence such as to justify a finding of disability entitling plaintiff to recover under the policy.

The second contention is that the proof furnished did not make out a prima facie case of disability. Where a policy is payable upon due proof of death of the insured, it is readily seen that, as a rule, no trouble is met with in furnishing conclusive proof. But, in a case of this nature where the insured may not be able to obtain other testimony than his own of a disability which entitles to the insurance, we do not think he should be debarred from presenting his proof in court, if it be not taken as due proof by the company. The policy does not provide such an unreasonable requirement as that the proof of loss must be satisfactory to the insurer. It simply provides for due proof. It does not call for medical proof. The company was advised of the accident and the claim that plaintiff was disabled. His own affidavit of disability was furnished defendant in time, on May 5, 1921, wherein he states that he has been wholly disabled since the twenty-fourth of November, 1920 (the time of his injury), "and will presumably be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations;" and he therefore claimed the disability benefit under the policy. That neither the physician who attended him, nor the one designated by defendant to give an opinion, then thought the disability permanent, and so stated in their affidavits, should not conclude plaintiff. That was only their opinion which, according to the finding of the court and jury, proved incorrect. It must, therefore, be held that, when the proof plaintiff did present to defendant by his own affidavit of total permanent disability has been found true, it should be deemed sufficient as due proof under the requirements of the policy, even though he was unable to be fully corroborated by the opinions of the doctors mentioned.

The order is affirmed.