## CHARLES JOHN WILSON v. METROPOLITAN LIFE INSURANCE COMPANY.[1]

December 16, 1932.

No. 29,024.

*Snyder, Gale & Richards,* for appellant.
*Ryan, Ryan & Ryan,* for respondent.

[1]Reported in 245 N. W. 826.

OLSEN, J.

Defendant appeals from an order denying its alternative motion for judgment or for a new trial.

Plaintiff brought suit to recover under a life and disability policy issued by the defendant. The plaintiff seeks recovery under the disability provisions of the policy, which read as follows:

"Total and Permanent Disability Benefits.

"Upon receipt at the Home Office in the City of New York, of due proof that any Employee, not working in Mexico, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the Company will, in lieu of the payment at death of the insurance on the life of the said Employee, as herein provided, pay equal monthly instalments as hereinafter described to the said Employee, or to a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record of the said Employee.

"Such monthly instalment payments shall be made during the continuance of said disability, but in no event shall they exceed one monthly instalment in the amount hereinafter defined for each fifty dollars of insurance (to the nearest fifty dollars) in force on the life of said Employee, under this Policy, at the date of receipt of due proofs of said disability, provided, however, that in no event shall more than thirty such monthly instalments be payable hereunder."

This policy was a group policy insuring the employes of the Southern Pacific Company. Under the policy an individual certificate was issued to each employe covered by the group policy. In these certificates, one of which was issued and delivered to plaintiff, total and permanent disability is defined as follows:

"Total and Permanent Disability Benefits.

"Any employee shall be considered as totally and permanently disabled who furnishes due proof that, as the result of bodily in-

jury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit."

The policy is for the amount of $2,500, and the monthly payments for total and permanent disability are $86.25 for not to exceed 30 months. The case went to the jury, and plaintiff was awarded a verdict for $442.02, which was figured as the amount of the monthly payments from the time proof of loss was furnished up to the time of the commencement of this action.

Plaintiff, while covered by this insurance, on December 2, 1930, was accidentally injured by the discharge of a shotgun while hunting. The injury was to his right foot and necessitated the amputation of the foot at the instep. According to the doctor's testimony, about the front half of the foot was removed. The entire ball of the foot was removed, leaving the heel part remaining.

■ On the merits, the question is whether, under the evidence here presented, this injury resulted in total and permanent disability within the terms of the insurance policy and certificate. That the injury so received is permanent must be conceded. There remains the question whether the evidence is sufficient to sustain the finding by the jury that the plaintiff, as a result of his injury, became totally disabled so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit.

Plaintiff was 43 years old at the time of the trial. He had a common school education up to the seventh or eighth grade. When about 20 years old he started working for a railway company as a brakeman. He continued thereafter to work for different railway companies as a brakeman and switchman up to the time of his accident. As far as appears, he has not learned any trade or any other work. He walks with a cane. He has tried to do some work since his injury but has been unable to do any except some small chores in and around the house. When he tries to work, his foot and back pain him so that he cannot continue, and sometimes he is confined to bed for several days.

What constitutes total disability, under the terms of policies having provisions the same or similar to the policy here in question, has been considered in many cases by the courts. The policy provisions must be given a reasonable and practical construction not inconsistent with the clear language therein used. As far as permitted by that rule, the policy provisions will be construed most favorably to the insured. A literal construction of all words used is not required. The policy will be considered as a whole. The court may take into consideration the situation existing at the time the policy was issued, the capabilities and occupation of the insured, and the risk intended to be covered.

The authorities are divided, one line following a more strict application of the literal terms of the policy, the other following what is termed the more liberal rule. This court has consistently followed the more liberal rule. Under the liberal construction, total disability to engage in any occupation or work for compensation or profit does not mean that the injured person must be wholly helpless. As said in Jacobs v. Loyal Protective Ins. Co. 97 Vt. 516, 526, 124 A. 848, 852:

"Total disability means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing."

Other cases hold that although an injured person may be able to perform some parts of an occupation he may be held to be totally disabled unless he is able to perform the substantial and material parts of some gainful work or occupation with reasonable continuity.

The insurance here in question was what is known as group insurance, taken out by the railway company by which plaintiff was employed, to protect its employes in the railway service. Plaintiff had followed no other occupation and had no experience or skill in any other work. He is concededly wholly disabled from performing his duties in the railway service. Outside of such railway service, he could be classed as a common laborer. Common labor,

however, ordinarily requires moving about on one's feet, standing and resting weight on the feet and lifting, which plaintiff is apparently unable to do. It is suggested that he might obtain or fit himself for some work which he could do while seated. Here again, any such work ordinarily requires more or less walking and standing on the feet. He is living in the country some distance from any employment of that kind. Unless he could engage in some gainful occupation while seated in his own home, which is not probable, it is difficult to see how he could engage in any gainful occupation or work. His limited education and experience militate against him.

Ordinarily the question whether an injured person is totally disabled from engaging in any occupation or work for compensation or profit is a question of fact. On the whole, we think it was a question of fact for the jury in this case. We cite Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 A. S. R. 542; Monahan v. Supreme Lodge O. C. K. 88 Minn. 224, 92 N. W. 972; Hayes v. North American L. & C. Co. 151 Minn. 124, 186 N. W. 136; Carson v. New York L. Ins. Co. 162 Minn. 458, 203 N. W. 209; Jones v. Fidelity & Cas. Co. 166 Minn. 100, 207 N. W. 179; Starnes v. U. S. (D. C.) 13 F. (2d) 212; Standard A. Ins. Co. v. Bittle (C. C. A.) 36 F. (2d) 152; Metropolitan L. Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A. L. R. 852; Industrial Mut. Ind. Co. v. Hawkins, 94 Ark. 417, 127 S. W. 457, 29 L.R.A.(N.S.) 635, 21 Ann. Cas. 1029; Aetna L. Ins. Co. v. Phifer, 160 Ark. 98, 254 S. W. 335; Aetna L. Ins. Co. v. Spencer, 182 Ark. 496, 32 S. W. (2d) 310; Fitzgerald v. Globe Ind. Co. 84 Cal. App. 689, 258 P. 458; Cato v. Aetna L. Ins. Co. 164 Ga. 392, 138 S. E. 787; Marchant v. New York L. Ins. Co. 42 Ga. App. 11, 155 S. E. 221; Indiana L. E. Co. v. Reed, 54 Ind. App. 450, 103 N. E. 77; American L. Co. v. Bowman, 65 Ind. App. 109, 114 N. E. 992; Thomas v. Liberty L. Ins. Co. 131 Kan. 175, 289 P. 414; Maresh v. Peoria L. Ins. Co. 133 Kan. 191, 299 P. 934; National L. & A. Ins. Co. v. O'Brien, 155 Ky. 498, 159 S. W. 1134; Hagman v. Equitable L. A. Society, 214 Ky. 56, 282 S. W. 1112; Young v. Travelers Ins. Co. 80 Me. 244, 13 A. 896; Metropolitan L. Ins. Co. v. Lambert, 157 Miss. 759, 128

So. 750; Foglesong v. Modern Brotherhood, 121 Mo. App. 548, 97 S. W. 240; Schwartz v. National A. Society, 216 Mo. App. 63, 267 S. W. 87; Thayer v. Standard L. & A. Ins. Co. 68 N. H. 577, 41 A. 182; Harasymczuk v. Massachusetts A. Co. 127 Misc. 344, 216 N. Y. S. 97; Fagerlie v. New York L. Ins. Co. 129 Or. 485, 278 P. 104; Brown v. Missouri S. L. Ins. Co. 136 S. C. 90, 134 S. E. 224; McCutchen v. Pacific Mut. L. Ins. Co. 153 S. C. 401, 151 S. E. 67; Massachusetts B. & I. Co. v. Worthy (Tex. Civ. App.) 9 S. W. (2d) 388; Great Southern L. Ins. Co. v. Johnson (Tex. Com. App.) 25 S. W. (2d) 1093; Clarke v. Travelers Ins. Co. 94 Vt. 383, 111 A. 449; Jacobs v. Loyal P. Ins. Co. 97 Vt. 516, 124 A. 848.

■ The court over objection permitted a witness to testify that it was more difficult now, on account of the depression, to get plaintiff a job of any kind than it was four or five years ago. This evidence came out on cross-examination of defendant's witness. It was not thereafter referred to. No motion was made to strike it out. The evidence was objected to as immaterial. It should have been excluded, but the court clearly charged the jury that in order to recover plaintiff must show such impairment of capacity "as to render it impossible * * * to follow continuously any substantial gainful occupation; or, in other words, the existence of total and permanent disability so as to prevent the plaintiff from engaging in any occupation and performing any work for compensation or profit must mean any occupation similar to that in which he was ordinarily engaged before the accident, or for which he may be capable of fitting himself within a reasonable time. If the disability prevents the insured, the plaintiff, from performing the essential parts of such an occupation with substantial continuity, it should entitle him to the amount provided for in the policy." This was the issue submitted to the jury, and the evidence objected to cannot be held to have been prejudicial.

■ The part of the charge quoted above is assigned as error. We think it is substantially in accord with our own cases hereinbefore cited, and as applied to the facts in this case a correct charge.

Order affirmed.

Stone, J. (dissenting).

I cannot concur in the conclusion that a vigorous young man of 43 years, with a "seventh or eighth grade" schooling and the additional fine training of many years of railroading, is "totally and permanently disabled * * * so as to be prevented· thereby from engaging in any occupation and performing any work for compensation or profit." To knowledge common to all of us there are too many men and women, maimed much worse than this plaintiff, whose resourcefulness and courage have shown that the application to them of such a discrediting conclusion would have been sheer nonsense. Agreeing in the spirit of the "liberal rule" referred to in the opinion, I cannot escape the feeling that in this case it is being so far stretched as to result in the nullification of plain contractual language and the abrogation of a condition precedent to liability which otherwise would bar recovery.

Loring, J. (dissenting).

I agree with Mr. Justice Stone.