PATRONS' MUTUAL FIRE INSURANCE CO. v. BUTLER.

1. INSURANCE—MUTUAL POLICY—BENEFIT ASSOCIATIONS — CANCEL-
   LATION—DUES.
   Where defendant surrendered a certificate of fire insur-
   ance in a mutual benefit corporation, and the secretary
   canceled her policy, she was liable for the amount of
   her pro rata share of the losses and expenses during the
   period from the last assessment to the time of cancella-
   tion, and, on the trial of an action for the alleged indebt-
   edness, the insurer was entitled to a finding that the
   sum in question became payable immediately on the re-
   ceipt of her request for cancellation, and "that it was
   not necessary for the company to make an assessment
   roll and place thereon the members of plaintiff company"
   before it could recover.[1]

2. SAME.
   The member withdrawing is obligated to pay, not only all
   regular assessments outstanding against him, but also
   all other sums that might lawfully be made the subject
   of assessment at the time of surrender, and it is payable
   at once on ascertainment.

3. EVIDENCE—CONCLUSION—AMOUNT DUE—PROOF.
   Testimony of the secretary that a sum named by him was
   due from defendant and that it was her ratable proportion
   of the assessment made a *prima facie* case.

Error to Arenac; Sharpe, J. Submitted October 5,
1916. (Docket No. 45.) Decided December 21, 1916.

Assumpsit in justice's court by the Patrons' Mutual
Fire Insurance Company of Michigan, Limited, against
Mrs. George Butler for assessments due on a policy
of insurance. From a default judgment for plaintiff,

---

[1] Authorities passing on the question of rescission or cancella-
tion of contract by mutual fire insurance company, are collected
in a note in 32 L. R. A. 492.

defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Reversed.

*G. C. Leibrand,* for appellant.

*R. J. Crandell,* for appellee.

STONE, C. J. This action was brought to recover from defendant her *pro rata* portion of losses and expenses of plaintiff from August 1, 1910, the date of the last assessment, to April 21, 1911, the date when her policy was canceled. Plaintiff is a domestic mutual farmers' fire insurance corporation. On August 31, 1909, defendant made a written application for insurance in plaintiff company. On that application the company issued to the defendant a policy on September 17, 1909. The articles of association and by-laws of the company were printed on the policy, and were a part of the policy contract. On April 21, 1911, defendant sent her policy to the secretary of the plaintiff company, with a request for its cancellation, and it was canceled on that date. Defendant had paid all amounts due on her policy for the losses and expenses of the company to the date of the 1910 assessment roll, which was August 1, 1910. At the time defendant sent in her policy for cancellation the secretary of the company computed her share of the losses and expenses of the company from the date of the 1910 assessment roll, to the date when she sent in her policy for cancellation, and found it to be $10.22. This amount was ratable with all other members of the company covering the same period of time; and the secretary notified defendant of the amount due when she sent in her policy for cancellation. No assessment roll was made at that time. For this amount defendant's name did not appear on the 1911 assessment roll, or on any other roll until her name appeared on the 1914 delinquent roll along with other persons who

had ceased to be members, but who, it was claimed, were owing the company, and whose policies had been canceled between regular assessment periods. The case was tried in the circuit court by the court without a jury, and, upon written request, findings of fact and law were made by the court. Upon the trial the application and policy were received in evidence.

E. A. Holden, the secretary and treasurer of the company, was sworn as a witness. He testified, in substance, that the policy in question was sent to his office by defendant for cancellation, and canceled on her request on the 21st day of April, 1911; that the 1910 assessment against defendant was paid by her, but that there was due the company from defendant, at the time of the cancellation, her share of the losses and expenses from the date of that assessment roll, August 1, 1910, to the date of cancellation, April 21, 1911, $10.22, and that that amount appeared on the assessment roll, known as the "delinquent assessment roll" of 1914, the amount there appearing being $10.22. He further testified as follows:

"That is not a full year's assessment, just up to the date of cancellation. The amount assessed against Mrs. Butler on that roll is ratable with all other members of the company covering the same period of time. The amount now due is $12.72."

On cross-examination he testified that the company notified the defendant how much was due at the time she sent the policy in for cancellation; and he further testified, in answer to the following question, as follows:

"*Q.* I asked you if you let the policies run after cancellation for two or three years before you make the assessment?

"*A.* Well, we notify them the amount due at the time of cancellation. We don't levy the assessment roll. We make the computation at the time the best

we can compute it at that time when they send it in. Then we dun them two or three times, and if they don't pay—

"*Q.* Then you make a new assessment roll covering these items?

"*A.* We make the assessment roll.

"*Q.* Covering these items?

"*A.* Yes."

Section 19 of the by-laws of the company reads as follows:

"Any policy of insurance written by this company may be canceled by the holder thereof by surrendering the same to the secretary of the company for cancellation and by payment of the assessments and obligations as provided in the constitution and by-laws of said company, to the time of such cancellation."

In its finding of fact the court made no reference to the uncontradicted testimony of the secretary as above set forth, nor to the facts testified to by him, but did find that:

"To prove the amount due by her to the company the plaintiff put in evidence what was called the 'delinquent roll,' " and described the contents of such roll.

In its conclusions of law, the trial court found that:

"Sufficient proof was not offered of a valid assessment on the delinquent roll to render defendant liable to pay the same. While I do not conclude that plaintiff's books must be produced, I am of the opinion that the assessment roll must inform the members charged thereon of the total of the losses which have been sustained, and the expenses and liabilities included therein, which it is sought to make the defendant pay, in order that she may see that she has been ratably assessed."

And the court directed a judgment for the defendant to be entered. The plaintiff duly excepted to the findings of fact and conclusions of law, and proposed

the following amendment to the finding of facts, so that such finding should read as follows:

"On April 21, 1911, defendant surrendered her policy to the secretary of plaintiff company with request for cancellation. The officers of the company canceled her policy on that date. The secretary of the plaintiff company computed the amount due and owing by defendant for her share of the losses and expenses of the company from August 1, 1910 (to which date her last paid assessment extended), to April 21, 1911, the date of the cancellation of her policy, found the same to be $10.22, and notified Mrs. Butler of such indebtedness. The amount, never having been paid, was included in the delinquent assessment roll made December 24, 1914, at the same amount of $10.22. This principal, together with 5 per cent. per annum interest from the date of the cancellation of the policy, April 21, 1911, to the date of the trial, March 13, 1916, amounts to $12.72 at the date of the trial."

Plaintiff also proposed amendments to the conclusions of law, so that the same should read as follows:

"The undisputed testimony shows that defendant's policy was canceled at her request upon being surrendered by her to the secretary of the company on April 21, 1911, and that there was due and payable at that time by the defendant for the losses and expenses of the company from August 1, 1910, to April 21, 1911 (the date of the cancellation of her policy) $10.22, of which she was notified by the secretary of plaintiff company.

"That the amount of $10.22 became immediately due and payable by the defendant to the plaintiff, upon the surrender of her policy, with her request for cancellation; that it was not necessary for the company to make an assessment roll and place thereon all the members of plaintiff company, together with defendant, before a liquidated indebtedness by the defendant to the plaintiff was established; that the computation of the defendant's share of the losses and expenses of the company, from the time at which the last assessment (August 1, 1910) had satisfied the obligations of the company, to the cancellation of the policy (April

21, 1911) by the secretary of the plaintiff company is conclusive and binding on the defendant, in the absence of any objection by her that such computation was not correct.   *   *   *

"I further find that the oral testimony of Mr. Holden, secretary of plaintiff company, as to the amount owing by the defendant at the date of the cancellation of her policy, was properly admitted, and is evidence of the indebtedness of the defendant to the plaintiff."

A further conclusion of law was proposed by the plaintiff, to the effect that the plaintiff was entitled to recover the sum of $10.22, with interest at 5 per cent. from April 21, 1911, to the date of the trial.

The proposed amendments were all refused by the court, to which plaintiff duly excepted. A judgment having been entered for the defendant, the plaintiff has brought the case here by writ of error, and the assignments of error fairly raise the question whether the plaintiff made a *prima facie* case at the circuit. We agree with the trial court that the "delinquent assessment roll," so called, did not, of itself, entitle the plaintiff to recover. Nor do we think that an assessment roll was essential to plaintiff's recovery. It is manifest that upon surrender and cancellation of defendant's policy, it became her duty to pay "the assessments and obligations" as provided in the by-law above set forth. The assessments had all been paid, but she was under obligation to pay her ratable share of losses and expenses incurred between the date of the last assessment and the cancellation of the policy. That amount had been computed, and the amount stated in the "delinquent roll." It might have appeared in any other statement, or in none. The secretary had testified that:

"The amount assessed against Mrs. Butler on that roll is ratable with all other members of the company covering the same period of time. The amount now due is $12.72."

If defendant was not satisfied with this testimony, she might well have cross-examined him upon that subject. It would seem that the basis of such statement must have been accessible to the secretary, and the manner of computation readily explained by him. With the records required to be kept, by the articles of association and the by-laws, the membership of the company and the amount of insurance carried at the date of cancellation must have been ascertainable; also the amount of losses and expenses incurred since the date of the last assessment. We are of opinion that defendant was legally liable to pay this obligation upon the cancellation of her policy, on demand.

We think that too much stress was laid upon the "delinquent roll," and too little upon the testimony of the secretary by the trial court, and that the plaintiff made a *prima facie* case upon the trial.

We think that our decisions are to the effect that upon the surrender of a policy, by a withdrawing member, he must pay, not only all regular assessments outstanding against him, but also all other obligations that might lawfully be made the subject of assessment at the time of surrender, and that this amount is payable at once upon ascertainment. *Ionia, etc., Ins. Co.* v. *Otto*, 96 Mich. 558 (56 N. W. 88); *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge,* 100 Mich. 606-610 (59 N. W. 250, 32 L. R. A. 481); *Peake* v. *Yule,* 123 Mich. 675-680 (82 N. W. 514).

"The principle deducible is that a member cannot, by a surrender, escape liability for such obligations as might lawfully be made the subject of assessment at the time of his surrender." *Ionia, etc., Ins. Co.* v. *Otto, supra.*

In our opinion the plaintiff was entitled to the finding of fact proposed, as above indicated, as well as to the conclusion of law asked for, and that the trial

court erred in entering judgment for the defendant, upon the record as made.

The judgment below will be reversed, and a new trial granted, with costs to appellant.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.