## ALBERT AABERG v. MINNESOTA COMMERCIAL MEN'S ASSOCIATION.[1]

### July 25, 1919.

### No. 21,346.

**Mutual benefit insurance — exclusion of documentary evidence.**

   1. Plaintiff was insured by defendant against disability resulting from accidental injuries and sued on the contract. Defendant had issued to him a certificate of membership which contained none of the substantive provisions of the contract, but stated that his application and the by-laws constituted the contract. No other policy was issued. Plaintiff put his certificate of membership in evidence, and proved the provision of the application and the by-law which included the part of the contract on which he relied to establish his cause of action, but on his objection the court excluded the remainder of the application and the remainder of the by-laws which included the part of the contract on which defendant relied to establish its defense. *Held* error.

**Same — pleading and proof.**

   2. Plaintiff's claim that this evidence was not admissible under the pleadings cannot be sustained.

**Same — health and accident insurance — statute.**

   3. Chapter 156, Laws of 1913, established a complete code regulating health and accident insurance, and excluded that class of insurance from the operation of section 3292, G. S. 1913, under which the proffered evidence was excluded.

**Same — meaning of word "policy" in statute.**

   4. The word "policy" as used in the statute usually refers to the written instrument in which the contract of insurance is embodied. The certificate, the application and the by-laws constitute the only contract contemplated by the parties in the present case and is the only existing contract.

[1]Reported in 173 N. W. 708.

**Same — contract valid.**

5. This contract violates the provisions of chapter 156, but is valid by virtue of section 9 of that act (section 3530, G. S. 1913), and must be given effect as provided in that section.

**Same — evidence admissible.**

6. By proving the provisions of the application and by-laws on which his cause of action rested, plaintiff gave defendant the right to prove the provisions of these documents on which its defense rested, even if defendant would not have had this right otherwise.

**Same — health and accident insurance.**

7. Defendant is not within section 3536, G. S. 1913, as its membership is not confined to traveling salesmen.

Action in the district court for Hennepin county to recover $1,353.70 indemnity under plaintiff's certificate of membership in defendant corporation. The material allegations of the answer are set out in the opinion. The case was tried before Hale, J., who at the close of the testimony granted plaintiff's motion to withdraw from the consideration of the jury the issues as to false representations alleged to have been made by plaintiff in answer to certain questions of the application, upon the ground that there was no evidence to go to the jury as to their falsity, and denied defendant's motion for a directed verdict. The jury returned a verdict for the full amount demanded. From an order denying its motion to reduce the amount of the verdict to one-half thereof and denying its motion for judgment in favor of defendant notwithstanding the verdict, or for a new trial, defendant appealed. Reversed.

*Rieke & Hamrum* and *Lancaster & Simpson,* for appellant.

*W. C. & W. F. Odell,* for respondent.

TAYLOR, C.

Defendant is a corporation organized under the laws of Minnesota for the purpose of giving its members "conservative and reasonable Health, Accident and Specific Benefit insurance on a mutual plan." Its membership is limited to men engaged in commercial and professional pursuits, and is composed mainly of traveling salesmen. When a member is accepted, it issues to him a certificate of membership which states that his application and the by-laws constitute his contract of insurance. The by-laws provide for several forms of insurance and the

applicant is required to designate in his application the particular form which he desires. Plaintiff made an application designating accident insurance as the form he desired. His application was accepted and defendant issued to him the following certificates:

No. 13540

Minnesota Commercial Men's Association.

This is to certify that Albert Aaberg is a member of the Minnesota Commercial Men's Association and is entitled to protection as applied for in his application for membership, subject to the provisions and stipulations of the By-laws of the said Minnesota Commercial Men's Association, which Application and By-laws constitute the Contract Between the said Minnesota Commercial Men's Association and the member above mentioned; and subject, further, to any and all additions, extensions and changes of the said By-laws as they may in the future be created and amended by the members in annual meeting.

"In Witness Whereof the said Minnesota Commercial Men's Association has caused its Corporate Seal·to be hereunto affixed, and these presents to be signed by its President and Secretary on this First day of February, 1915.

Seal

                                            G. W. Barnes, President.

           A. J. Alwin, Secretary.

While riding in a buggy the team became unmanageable and plaintiff was thrown out and injured. Alleging that he had been totally disabled for a period of 54 weeks by the injuries sustained, he brought suit on the insurance contract to recover the maximum indemnity of $25 per week for that period. The jury returned a verdict for the full amount claimed. Defendant appealed from an order denying a motion in the alternative for judgment notwithstanding the verdict or for a new trial.

In its answer defendant alleged that the application of plaintiff and the by-laws of defendant constituted the contract between the parties; that the contract stipulated that certain specified representations in the application were warranted to be true, and that the contract should be void and of no effect if they were not true; that these representations were false and that the contract never became of force or effect for that

reason; that the contract further stipulated that defendant should be released from liability thereunder, if plaintiff took out additional accident insurance without notifying defendant thereof; that plaintiff took out additional accident insurance of which he gave defendant no notice and thereby released defendant from liability; that the contract further stipulated that, if any difference should arise at any time respecting the validity or adjustment of any claim thereunder, it should be submitted to arbitrators as provided therein, and that such submission to arbitrators should be a condition precedent to the right to maintain a suit in court; that this provision had never been waived by defendant, and that plaintiff had made no attempt to comply with it. The answer also contained a general denial and raised an issue as to the extent of plaintiff's disability, the length of time it continued, and the amount to which he would be entitled under the contract if it was in force.

At the trial plaintiff, after offering in evidence his certificate of membership, offered in evidence section 7 of the by-laws. This section prescribes the indemnity to which a member having accident insurance is entitled for disabilities resulting from accidental injury. Defendant's objection that this section constituted only a part of the contract and that the entire contract should be offered was overruled. Later defendant offered in evidence the application and the other by-laws as constituting the remainder of the contract. They were excluded, on the ground that not being attached to the certificate of membership they were not a part of the contract. The court held that defendant was precluded by the law from proving those provisions of the application and by-laws on which it based its defense and whether this ruling was correct is the principal question presented.

At the trial the court withdrew the issue of fraud from the jury, on the ground that the evidence would not justify a finding of fraud. The case is brought here on a bill of exceptions which does not contain the evidence on the issue of fraud, and therefore the ruling withdrawing that issue from the jury is not presented for review. Plaintiff contends that the defenses based on the alleged violation of the contract in taking out additional insurance without notifying defendant, and in bringing suit without offering to submit the claim to arbitration, are not sufficiently alleged in the answer to permit defendant to introduce evidence in support of them. We are unable to sustain this contention. The

answer sets forth the provisions of the contract relating to these matters and that plaintiff failed to comply with such provisions in the respects stated therein. Furthermore the proffered evidence was not excluded as inadmissible under the pleadings, no such objection was made at the trial or passed upon by the trial court.

Defendant unquestionably had the right to prove the entire contract, unless barred from doing so by the statutes regulating the business of insurance. G. S. 1913, § 3292, provides:

"A statement in full of the conditions of insurance shall be incorporated in or attached to every policy, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty or a part of the contract, except insofar as they are so incorporated or attached."

This is a general provision applicable to all classes of insurance companies or associations which are not excepted therefrom by other provisions of the statutes, and is the provision on which plaintiff relies as justifying the rulings of the court.

Chapter 156, p. 181, of the Laws of 1913 established a complete code regulating and governing health and accident insurance, and repealed all acts and parts of acts inconsistent therewith. This act constitutes sections 3522 to 3535, inclusive, of the General Statutes of 1913. Section 3523 provides that no health or accident policy shall be issued or delivered, unless it complies with six requirements specified in that section. Section 3524 provides that every such policy issued shall contain fifteen "Standard Provisions" set forth in full in that section. Section 3525 provides that no such policy shall be issued or delivered which contains any provisions relative to certain matters specified therein, unless such provisions are in the words set forth in that section and designated therein as "Optional Standard Provisions," but gives the insurer the right to omit any such provision from the policy. Section 3526 provides:

"No such policy shall be so issued or delivered if it contains any provision contradictory, in whole or part, of any of the provisions hereinbefore in this act designated as 'Standard Provisions' or as 'Optional Standard Provisions;' nor shall any indorsements or attached papers vary, alter, extend, be used as a substitute for, or in any way conflict with any of the said 'Standard Provisions' or the said 'Optional Standard Provisions;' nor shall such policy be so issued or delivered if it contains

any provision purporting to make any portion of the charter, constitution or by-laws of the insurer a part of the policy unless such portion of the charter, constitution or by-laws shall be set forth in full in the policy."

Section 3530 provides:

"A policy issued in violation of this act shall be held valid but shall be construed as provided in this act and when any provision in such a policy is in conflict with any provision of this act the rights, duties and obligations of the insurer, the policyholder and the beneficiary shall be governed by the provisions of this act."

Section 3533 excepts from the operation of the act certain sorts of insurance not involved herein. Section 3536, G. S. 1913, which was chapter 410, p. 608, of the Laws of 1913, and was passed subsequent to chapter 156 provides:

"Any domestic assessment, health and accident insurance association now licensed to do business in this state which confines its membership to commercial travelers and which does not pay commissions or other compensation for securing new members shall be exempt from the provisions of law relating to the form and contents of policies of health and accident insurance when approved by the commissioner of insurance."

We cannot sustain defendant's claim that the manner in which it conducted its business was authorized by section 3536. While defendant may have shown itself to be within the provisions of section 3536 in all other respects, it did not confine its membership to commercial travelers, and therefore that section did not exempt it from the provisions of the law relating to the form and contents of policies of health and accident insurance. Chapter 183, p. 265, Laws of 1917, extended this section sufficiently to include the defendant, but was not passed until after this suit had been begun.

It is beyond question, therefore, that the contract in controversy is governed by the act relating to health and accident insurance. This act covers the entire subject and manifests an intention on the part of the legislature to make the law regulating and governing this class of insurance complete in itself, except as otherwise expressly provided therein. It repeals all acts or parts of acts inconsistent with it. It was enacted long after section 3292 on which plaintiff relies. It contains provisions in respect to the policy and the effect to be given to

the contract inconsistent with that section, and in our opinion was intended to and does exclude health and accident insurance from the operation of that section. A somewhat similar situation in respect to fraternal beneficiary associations was considered in Louden v. Modern Brotherhood of America, 107 Minn. 12, 119 N. W. 425, and a similar conclusion was reached.

"A policy is, properly speaking, a contract to indemnify the insured in respect to some interest which he has, against the perils to which he considers that it will be liable. Also, the formal written instrument in which the contract of insurance is usually embodied is known as the policy." 22 Am. & Eng. Enc. (2d ed.) 941.

The word "policy" has two well understood meanings in insurance law, but as used in the statute it usually refers to the written instrument in which the contract of insurance is embodied. 6 Words & Phrases, 5440.

The certificate of membership issued to plaintiff is in no sense a policy of insurance. It does not purport to contain any of the substantive terms of the contract, but states that his application and the by-laws constitute the contract. Unless the application and by-laws are included with the certificate of membership as constituting the policy, there is no policy whatever. These documents constitute the only contract and only policy contemplated by the parties. They do not conform to the statute, but section 3530 provides that a policy issued in violation of the statute shall be held valid, and that, where any provisions therein contravene the provisions of the statute, the provisions of the statute shall govern. It follows from this section that the contract of insurance was valid and must be given effect, but that the provisions of the statute must be substituted for those of the contract insofar as the two conflict. Section 3525 contains an "Optional Standard Provision" relative to the taking of additional insurance without giving written notice to the insurer which provides that in such case:

"The insurer shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the pro rata for the indemnity thus determined."

This provision conflicts with the provision in the contract and must

be substituted therefor. We find no provision in the statute conflicting with the provision in the contract relative to arbitration and consequently that provision is in force.

Proving his certificate of membership and his injuries did not give plaintiff any cause of action whatever. In order to establish a cause of action of any sort he was compelled to prove at least a portion of the application and a portion of the by-laws. As he proved parts of these documents to establish the obligation of defendant to indemnify him for his injuries, he was not in position to object to the reception in evi-'dence of such remaining parts of these same documents as formed a part of the contract on which he relied, or related to the validity and extent and the manner of enforcing the obligation which he was asserting. By presenting this proof, he gave defendant the right to put other pertinent provisions of the application and by-laws in evidence, even if they would otherwise have been barred, and excluding them was reverssible error.

Defendant questions the correctness of the explanation given by the court as to what would constitute total disability under the contract. As there must be a new trial on other grounds, it is sufficient to say that the rule applicable is elucidated in Lobdill v. Laboring Men's Mutual Aid Assn. 69 Minn. 14, 71 N. W. 696, 38 L.R.A. 537, 65 Am. St. 542.

Order reversed.