JOHNSON *v.* STATE MUTUAL RODDED FIRE INSURANCE
CO. OF MICHIGAN.

1. INSURANCE—CHANGE IN AMOUNT OF POLICY NOT A NEW ONE—
BENEFICIAL ASSOCIATIONS.

Where insured, while in default for nonpayment of an
assessment on a mutual fire insurance policy, surrendered
it and received another for a less amount bearing the
same number as the one surrendered, said second policy
cannot be said to be a new one, but, in view of the by-
laws of the insurer and the correspondence between the
parties, was in effect merely a change in the policy then
existing, reducing the liability of the insurer in case of
loss.[1]

2. SAME—SUSPENSION OF INSURED—WAIVER.

Where insurer's by-laws and articles of association, which
were made a part of the contract, provided that it was
not liable for loss occurring during suspension of insured's
policy and that insured were liable for their proportionate
share of losses during said suspension, the action of in-
surer in levying and collecting an assessment on insured's
policy while it was under suspension did not constitute
a waiver of said suspension.[2]

3. SAME—AWARD OF ARBITRATORS—COURT WILL NOT WEIGH PROOF
IN ABSENCE OF SHOWING OF BAD FAITH.

In a suit attacking the validity of an arbitration award
determining that insured had no claim or demand en-
forceable against a mutual insurance company because the
policy was suspended at the time the loss occurred, in the
absence of any showing of bad faith upon the part of
the arbitrators, the court will not weigh the proof, which
was competent, and determine whether it would have
reached the same result.[3]

4. SAME.

The decree of the court below dismissing plaintiffs' bill
of complaint, *held,* justified.[4]

---

[1]Fire Insurance, 26 C. J. § 756; [2]Insurance, 32 C. J. § 627;
[3]Arbitration and Award, 5 C. J. § 465; [4]Id., 5 C. J. § 685.

Appeal from Arenac; Smith (Guy E.), J.    Submitted June 16, 1925.    (Docket No. 60.)    Decided October 1, 1925.

Bill by Emil E. Johnson and another against the State Mutual Rodded Fire Insurance Company of Michigan to set aside an award of arbitration.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*R. J. Crandell* and *William T. Yeo,* for plaintiffs.

*Kinnane & Leibrand,* for defendant.

SHARPE, J.    On January 4, 1921, defendant issued a policy, insuring the farm property of plaintiffs in the sum of $8,125.    One year later, an assessment was levied thereon in the sum of $52.81, which has not been paid.    On July 20, 1922, plaintiffs made application for insurance in the sum of $4,125.    The form of application for an increase or reduction in the amount of the insurance carried was the same as that used for new insurance.    The application, however, stated:

"When used to increase or decrease an old policy, be sure to give the policy number, also to send the policy to the company with this application."

The policy was sent in.    Its number, 34016, was stated in the application.    The fee paid was that required for a reduction in the amount of the insurance. A new policy was issued on July 27, 1922, bearing the same number, and mailed to plaintiffs.    Emil E. Johnson testified that it was not received.    After some delay, a duplicate thereof was sent to them. Plaintiffs had received notice of their default in paying the assessment levied in January, 1922.    On August 1st, a few days after the issue of the second policy,

notice that the policy (No. 34016) was suspended for nonpayment of the assessment was mailed to them. In January, 1923, an assessment of $27.90 was levied on the policy, and this was paid by plaintiffs. A special assessment, levied in July, 1923, and an annual assessment in January, 1924, were not paid.

On January 28, 1924, plaintiffs' dwelling and its contents were destroyed by fire. The loss was adjusted at $2,000. Defendant denied liability, for the reason that plaintiffs' policy was suspended at the time of the fire. Arbitration was had, resulting in the determination that plaintiffs "have no claim or demand enforceable against said company." Plaintiffs seek in this proceeding to set aside this determination. The trial court dismissed the bill of complaint, and plaintiffs appeal.

1. Plaintiffs claim the right to recover under the policy issued in July, 1922. Defendant insists that this policy was not a new one; that it was issued to reduce the amount of plaintiffs' insurance, and that plaintiffs' right to recover in case of loss terminated at the time of its suspension on August 1st.

A copy of the articles of association and by-laws of defendant was annexed to and formed a part of the policy. One of the provisions in the by-laws reads as follows:

"Should a loss occur during the time the insurance on the property or policy stands suspended the company shall not be liable for said loss," etc.

The secretary was given the power to suspend a policy for the nonpayment of an assessment when due. Before a policy could be canceled and the rights of the insured thereunder finally terminated, he was entitled to ten days' notice "in which to establish to the president and the secretary injustice of the cancellation."

The by-laws also provided that a member might de-

crease his insurance by making application therefor and paying a policy fee of 50 cents.

A consideration of the by-laws and the correspondence and proofs satisfies us that the policy issued in July, 1922, was not a new contract of insurance, but a change in that then existing, reducing the liability of the defendant in case of loss, and correspondingly reducing the amount of the assessments which could thereafter be legally levied against plaintiffs. To this extent only were the contractual rights affected by the change made.

The assessment made in January, 1922, for default in the payment of which the policy was suspended on August 1st of that year, was accompanied by a notice from the secretary of the company to plaintiffs, in which they were advised:

"If you have increased or decreased your policy during the year, you will be assessed upon the increase from the date it was added to the policy to the date this assessment is levied, plus the advanced assessment. If you decreased your policy during the year you will be assessed upon the amount of decrease from the date the 1921 assessment was levied to the date the decrease was made, but you will have deducted from this assessment the amount that you have paid in advance upon the amount that was decreased."

On the back of this notice, article 10 of the charter was printed. It reads in part:

"A member is liable to for his or her ratable proportion of all liabilities of the company which may accrue during the time his or her policy is void or suspended, and until his policy is legally canceled."

This assessment was due and payable on or before the last day of March. A "second notice" was sent on April 1st, and monthly notices thereafter until August 1st, when the policy was suspended. The effect of such suspension was not to cancel the policy and thereby render it necessary for plaintiffs to make

a new application in order to obtain insurance. While they had no right to recover in the event of loss during the period of suspension, they could at any time thereafter be reinstated in all their rights under the policy by payment of the amount for which they were legally liable under the assessment. This they did not do. When the date for levying the next annual assessment arrived, January 1, 1923, the policy still stood suspended. Under the provision in article 10 of the charter, above quoted, the plaintiffs were liable for their ratable proportion of all liabilities of the company, including those which had accrued after suspension on August 1st. Plaintiffs' share thereof was computed to be $27.90. Counsel insist that the levying of this assessment and the acceptance of payment thereof constituted a waiver of the suspension. In its levy and collection, the officers were but complying with the charter provision. It may seem unjust to require a member to pay his ratable share of the losses of other members and expenses during a time in which his own insurance is suspended, and during which he himself could not recover in case of loss. But the charter provisions, as well as the by-laws, form a part of the contract of insurance, and are under the control of the membership. These plaintiffs had full knowledge of this provision at the time their assessment was in default, and received monthly reminders thereafter until suspension was had. Their liability arises under their contract. We can find no reason for refusing its enforcement. The authorities cited and relied on by plaintiffs' counsel dealt with cases in which such policies were forfeited for nonpayment. Had plaintiffs' rights under this policy been terminated by cancellation, and an assessment thereafter made, and payment thereof accepted, a different question would be presented.

2. Plaintiffs insist that there was no evidence sub-

mitted to the board of arbitration showing the levy of the assessment made in January, 1922, and no competent proof that the policy was suspended. Plaintiffs are here attacking the validity of the arbitration award.    There is nothing to indicate that the arbitrators acted in bad faith.    The grounds on which their award may be attacked in a court of equity are pointed out in *Howe* v. *Insurance Co.*, 216 Mich. 560, and *Huested* v. *Insurance Co.*, 223 Mich. 213.    The secretary testified that the assessment was levied and as to the manner in which the amount was arrived at.    He also testified as to the fact of suspension.    It is not for us to weigh this proof and determine whether we would have reached the same result.    *Barker* v. *Great Hive, L. O. T. M. M.*, 135 Mich. 499, 504.    The proof submitted was competent. *Patrons' Mut. Fire Ins. Co.* v. *Butler*, 193 Mich. 648.

3. The provision in the by-laws that ten per cent. per month on delinquent assessments should be added need not be considered as this is not a suit brought to enforce its collection.    The plaintiffs did not pay, or tender, the amount of the assessment as levied.

In our opinion the trial court reached the right conclusion.

The decree is affirmed, with costs to appellee.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.