ATLAS SUPPLY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101323.   Promulgated January 15, 1941.

*Frederick L. Pearce, Esq.*, for the petitioner.
*Chester A. Gwinn, Esq.*, and *L. W. Creason, Esq.*, for the respondent.

OPINION.

LEECH: Petitioner contends that it is entitled to the credit under section 26 (c) (1) of the Revenue Act of 1936 because its duly executed bylaw prevents it from declaring dividends if its capital would thereby be impaired.

In *Davison-Joseph Campau Realty Co.*, 41 B. T. A. 675, the Board held that a bylaw does not constitute "a written contract executed by the corporation" within the meaning of the statutory provision. The rationale of that opinion appears from the following quotation therefrom:

The shareholders may thus be bound in their relations with the corporation and with each other by a reliance upon the existence of that law or declared

policies of the corporation. But a bylaw seems to us to lack the essence of a formal contract in that it is "adopted" and not "executed." There is only one party, the corporation, acting through its stockholders, to the adoption of the law and the declaration of its policy. It thus becomes a part of the fundamental law of the corporation. *Commissioner* v. *Vandegrift, supra.*

In the *Crane-Johnson* case,[1] *supra*, the Circuit Court, in affirming 38 B. T. A. 1355, said:

> We are here considering a tax law, and the question is not whether for any purpose a charter or a state law may be treated as a contract, but rather whether they together may be considered a written contract executed by the corporation within the meaning of Section 26 (c) (1) of the Revenue Act of 1936. * * * Clearly, this provision relates to a corporate undertaking to discharge a certain obligation out of earnings, and not to any *statutory* provisions. [Emphasis supplied.]

We think that any contract existing here by virtue of the bylaw was in the nature of an implied contract, which arose, not from any statutory obligation, it is true, but from a similar obligation imposed by the "law" of the corporation. But, there was no "written contract executed by the corporation" within the meaning of the cited section preventing the payment of dividends.

This reasoning finds support in *Thibaut & Walker Co.*, 42 B. T. A. 29, and the legislative history of the cited controlling statutory provision.[2]

It does not appear that any written contract with the corporation was executed by anybody relying on the bylaw involved here. See *Johnson* v. *State Mut. Rodded Fire Ins. Co.*, 232 Mich. 204; 205 N. W. 163. So, it would seem, the corporation could have changed this bylaw at will.

The petitioner concedes that our decision in *Davison-Joseph Campau Realty Co.*, *supra*, concludes it here, but cogently argues on brief that our decision in that case was wrong. However, after careful consideration, we reaffirm our position as taken in that case, and hold that the bylaw, as such, upon which the decision of the issue here rests, is not "a written contract executed by the corporation", petitioner, within the meaning of section 26 (c) (1) of the Revenue Act of 1936.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

[1] The *Crane-Johnson* case was affirmed, 311 U. S. 54.

[2] Seidman, Legislative History of Federal Income Tax Laws, p. 218.

Discussion on floor of House (80 Cong. Rec. 10265):

"MR. SAMUEL B. HILL. * * * If a corporation as of March 3, 1936, finds itself in a position, by reason of a contract *entered into with its creditors*, not to pay dividends until it has paid its creditor his debt or has established a sinking fund, or otherwise provided means of paying the obligation, if it is under that handicap by reason of a written contract, then we allow a 22½ per cent flat rate on that portion of the net income which it is unable to pay out, by reason of this contract, in dividends. * * *" [Emphasis supplied.]