(No. 7165. April 11, 1944.)

FRANCES MORGAN, Respondent, v. PACIFIC LIFE BENEFIT ASSOCIATION, a corporation, Appellant.

[147 Pac. (2d) 1013.]

Milton E. Zener for appellant.

O. R. Baum for respondent.

GIVENS, J.—■ Respondent's husband, Weldon Morgan, had, as a member thereof, a family insurance policy, No. 6446-G, issued August 2, 1941, with appellant, covering himself, respondent, and their four minor children, respondent being the designated beneficiary. Weldon Morgan died May 15, 1942, at the age of 33. The contract of insurance is derived from the certificate of membership and the by-laws,[1] the pertinent provisions of which are:

[1]Thomas v. Standard Life Ins. Co., Missouri, 165 S.W. (2d) 287; Johnson v. State Mut. Rodded Fire Ins. Co., 232 Mich. 204, 205 N.W. 163; Godfrey v. North Dakota Farmers' Mutual Tornado & Cyclone Co., 63 N.D. 418, 248 N.W. 527; Aaberg v. Minnesota Commercial Men's Ass'n, 143 Minn. 354, 173 N.W. 708; 38 Am. Jur., Mutual Benefit Societies, p. 526, sec. 117.

## "FAMILY GROUP

## "CERTIFICATE OF MEMBERSHIP

THIS CERTIFIES THAT    Weldon Morgan    of    Inkom, Idaho    is a member of

## PACIFIC LIFE BENEFIT ASSOCIATION

and is entitled to all the benefits thereof while said Membership is continued in full force and effect.

For and in consideration of the Membership Fee and in further consideration of the contents and representations made in the application for membership executed by the member, and the further payment of all amounts required to be paid under the conditions of this certificate, during the continuance of this membership, entitles said member to all the benefits as provided in the By-Laws of this Association, and in the event of the Natural or Accidental death of said member entitles

### Frances Morgan  (Wife)

named as Beneficiary, to an amount not to exceed the Maximum Benefit of

## ONE  THOUSAND  DOLLARS

according to ages designated in the schedule below; as stipulated in Article VII of the By-Laws:

| 1 to 5 Yrs. Inclusive $150 | 6 to 10 Yrs. Inclusive $300 | 11 to 20 Yrs. Inclusive $500 | 21 to 50 Yrs. Inclusive $1000 | 51 to 60 Yrs. Inclusive $600 |
|---|---|---|---|---|

Certificates issued when not over Sixty years of age may be continued during the entire life of the member.

MAXIMUM BENEFITS DO NOT DECREASE AS MEMBER GROWS OLDER, after age Sixty.

Subject, however, to the terms and conditions in the By-Laws. Payment to be made to the beneficiaries entitled thereto as set forth in the application for membership, upon the decease of any person of the family of the member named in the application, the amount to be determined by the age of the deceased at the time of death, subject, however, to all other provisions contained herein.

In the event of the death of the husband or wife the amount due under this certificate shall be paid to the survivor, and if neither survive, then to the remaining persons of the family of the member named in the application.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ARTICLE VII. AMOUNTS OF BENEFITS

Sec. 1. Maximum and minimum amounts of benefits provided in the Joint Family Benefit Certificate:

\* \* \* \* \* \*

### ONE THOUSAND DOLLARS

In the event of the death of a person of not less than twenty-one nor more than fifty years of age of the family of the member, a sum of money not to exceed $1000.00 will be paid, computed from the date of this Certificate. Provided, if death occurs during the first six months after the certificate has been issued or within six months after the date of re-instatement, the maximum benefit shall be $100.00 and shall increase $100.00 at the end of each 90 days thereafter until the maximum of $1000.00 has been reached."

Respondent contends she is entitled to $1000, for which amount she recovered judgment. Appellant urges that under Article VII, fourth subprovision, of the by-laws, as quoted, her husband having died in the tenth month after the policy was issued, respondent is entitled to only $200.

■ Contracts of insurance in mutual benefit associations, as in other insurance companies, are to be construed strictly against the association or organization and in favor of the policy holder, and any ambiguity or uncertainty is to be resolved in favor of the insured. (*Sweaney & Smith Co. v. St. Paul Fire and Marine Ins. Co.*, 35 Ida. 303, 206 P. 178; *Sant v. Continental Life Ins. Co.*, 49 Ida. 691, 291 P. 1072; *Watkins v. Federal Life Ins. Co.*, 54 Ida. 174, 29 P. (2d) 1007; *Rosenau v. Idaho Mut. Ben. Ass'n*, Ida., 145 P. (2d) 227; *Kavanagh v. The Maccabees*, 66 Utah 307, 242 P. 403; *American Ins. Union v. Coward*, 134 Okl. 303, 272 P. 1023; *Gilliland v. Order of Ry. Conductors*, 216 Ala. 13, 112 So. 225; *Baumgart v. Sovereign Camp, W.O.W.*, 127 Neb. 865, 257 N.W. 269; *Kissinger v. North American Union Life Assur. Soc.*, 108 N.J.L. 405, 158 A. 756; *Price v. Su-*

*preme Home of the Ancient Order of Pilgrims,* Texas, 285 S.W. 310; *Sovereign Camp, W.O.W. v. Alston,* Texas, 82 S.W. (2d) 710; *Sovereign Camp, W.O.W. v. Carroll,* Texas, 84 S.W. (2d) 824.)

If the entire contract is reasonably definite and clear that the period augmentation provisions in article VII apply to the member, then appellant is correct in its conclusion that but $200 is recoverable. If the agreement, however, with reasonable clearness shows to the contrary, or if there be ambiguity or confusion as to just what is meant, under the above rule the contract must be resolved in favor of respondent's position.

The primary premise about which there can be no dispute is that Weldon Morgan was the member of the association. Appellant contends that he was likewise a member of his own family. The meaning of the word family and the scope thereof and who constitute a family in any given situation has given rise to many definitions, one of which are definitely helpful herein, however, because it is not a question of whether Weldon Morgan was a member of his family but whether the contract of insurance differentiated between him as a member of the society and the other individuals who went to make up the composite family group which was insured. As contended by appellant, we must look to the entire contract and glean the solution from all parts thereof, not singling out any particular or individual sentence or phrase, but try and grasp the meaning from all the pertinent provisions. In the first place, we must consider the physical appearance of the contract, which, of course, was prepared by the appellant and, we may assume, with some purpose in mind. If the company had not intended to create some impression at least, in the minds of those who read the policy, that there was no distinction between the member of the association and the other individuals making up the family group, it would have been unnecessary to say that the death of the member entitled the beneficiary to an amount not exceeding the maximum benefit of $1,000, but it could have recited that the death of the member entitled the beneficiary to the maximum benefit (deleting $1,000) according to the ages designated. It must be conceded that the age schedule applies to the member, and this, contrary to appellant's argument, is the granting clause and suffices. An abundance of caution in limiting the total possible recovery to one thousand dollars hardly explains the physi-

cal appearance of the contract. The semicolon after the word "below" and the colon after the word "By-Laws" to some extent at least sets off by itself the phrase "as stipulated in Article VII, of the By-Laws". Now, article VII did not say "in the event of the death of a member and of a person of the family of the member", but said "of a person of the family of the member". Conceding that generally a father or husband is a member of his own family does not indicate that the policy did not make a distinction, even in article VII, when considered in connection with the first provision in the contract, between the member and the amount recoverable upon his death and the other individuals making up the family of the member and their death. Furthermore, there is nothing in the by-laws to indicate that a person of any age over one year could not be a member. Another feature indicating a distinction between the member and those who make up the family is found under the heading "persons jointly protected under the terms and conditions of this certificate, according to age and duration of membership" is that Weldon Morgan was listed as a member not as husband or father, and, furthermore, there is nothing under that table indicating duration of membership. Conceding that appellant's construction could be applied, certainly there is uncertainty sufficient to constitute ambiguity as to whether the restrictive augmentation provisions of article VII apply to the member as well as to those who go to make up the family or whether they apply only to those who make up the family exclusive of the member. Article XV must also be considered, its title being "Whole Family Coverage." It provides in part: "This certificate covers the death benefits according to the age brackets on the entire family. Under this section, the entire family shall mean the Husband and Wife and all their un-married children between the ages of 1 and 21." Its further provisions are not important here. Thus, the policy has itself emphasized that the age brackets cover the entire family and specified that husband and wife are within the entire family, thus at least suggesting a negative indication that the word "family" unmodified by the word "entire" did not include what was expressly included in the "entire family", namely, the member of the association. As has been frequently stated, the policy was prepared by appellant, which could place therein any terms and restrictions that it desired compatible with the law, and, having left it thus uncertain and indefi-

nite as to just what was meant and what distinction was made between the member of the association and the others constituting his family group, we are compelled, under the applicable rule of contractual construction, to construe the policy against the appellant. Respondent's contention must therefore be upheld and the judgment affirmed, which is accordingly ordered. Costs awarded to respondent.

Holden, C.J., and Ailshie and Dunlap, JJ., concur.