RAFAEL H. APARICIO BOSCH ET AL., ETC., Plaintiffs and Appellees, *v.* TEACHERS' ASSOCIATION OF PUERTO RICO, Defendant and Appellant.

No. 10514.   Argued January 15, 1952.—Decided June 30, 1952.

*Virgilio Brunet* for appellant.   *Domingo Candelario* for appellees.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

Plaintiffs, as beneficiaries of Ana Bosch de Aparicio, late member of the Teachers' Association of Puerto Rico, to which we shall hereinafter refer as the Association, filed a complaint in the District Court of Puerto Rico, San Juan Sec-

550

tion, claiming from said Association the benefits of the insurance corresponding to plaintiffs as beneficiaries of their aforesaid predecessor.

The parties submitted to the lower court a stipulation on the facts which recites:

"1. That Ana Bosch de Aparicio was admitted to the Teachers' Association of Puerto Rico in September 1919 paying the dues corresponding to September, October, November, and December 1919, all the dues corresponding to the year 1920 and those corresponding to January, February, March, April, May and June 1921, on which date she stopped paying her dues and was consequently suspended as a member of the Teachers' Association.

"2. That Ana Bosch de Aparicio was readmitted as a member of the Teachers' Association on November 1922 paying once more the admission fee and the dues corresponding to said month of November and continued as contributing member of the Teachers' Association of Puerto Rico since then (November 1922) until February 1931 inclusive, when she again failed to pay her dues and was suspended from membership of said Association in February 1931.

"3. That Ana Bosch de Aparicio was again readmitted as a member of the Teachers' Association of Puerto Rico in October 1934 when she paid admission fee and the dues corresponding to the month of her readmission, October 1934, and continued as a member in good standing since then (October 1934) until her death on May 17, 1949.

"4. That Ana Bosch de Aparicio was born on January 21, 1888."

The parties stipulated, besides, that the provisions contained in the Regulations of the Association applicable to this case, are the following:

"a). 'Article III, § 7, Paragraph (h).—Rights of the contributors or active members:

" 'The specific rights of the contributors or active members are:

" '(h) To receive aid and convey to the beneficiaries the insurance benefits pursuant to the provisions of this Regulation.'

"*b*). 'Article XI, § 1, Paragraph E.—Age limitations.

" 'Every member who upon admission or readmission to the Association is over forty (40) years old without having reached the age of forty-five (45) shall only be entitled to the minimum benefits of the Schedule in force at the time of his death. This rule shall not be applicable to the members who already belonged to this Association in the year 1919, if they have been continuous contributing members.

" 'The members who upon admission or readmission to this Association are forty-five (45) years old shall not be entitled to the benefits of the insurance, *Provided,* That the age limitation shall not apply to those members who, although at the time of their admission are older than the prescribed age, have paid their dues for TWENTY OR MORE YEARS since their admission to the Association; and the beneficiaries of the members who under such condition are deceased in 1947, or may die thereafter, shall be entitled to all the benefits of said insurance as if those members had been admitted within the age limitation.' "

Finally the parties filed a "Supplementary Stipulation" in the lower court by virtue of which they agreed to the following:

"That if the beneficiaries of Ana Bosch de Aparicio were entitled to some benefits and they are computed from the date of her last admission in the Association, that is, October 1934, the benefits would amount to the sum of $671.25; and if computed from initial admission to the Association, that is, September 1919, the benefits would amount to the sum of $1,055.22."

The case was submitted on the previous stipulations and the court rendered judgment sustaining the complaint, and consequently, ordered defendant, the Association, to pay plaintiffs the amount of $1,055.22, share and share alike to each one of the plaintiffs, plus $100 as fees for plaintiffs' attorney and costs.

Feeling aggrieved by this judgment, defendant appealed and alleges that the lower court erred in deciding that Paragraph E of § 1 of Article XI of the Regulations of defend-

ant, was applicable without taking into consideration § 3 of Article IV of the Regulation, and in rendering judgment for the amount of $1,055.22.

Since the assignments are closely related to each other we shall discuss them jointly, as appellant does.

■■■■ The instant case hinges on the construction of the Regulations of the Teachers' Association of Puerto Rico, which contain the insurance contract between the Association and its members and which is comprised in Article XI of said Regulations. *Cf. Teachers' Association* v. *District Court*, 66 P.R.R. 664, 669.

Appellant argues, and this is its fundamental contention, that appellees are not entitled to any insurance. It understands that pursuant to the provisions of Article IV, § 3 of the Regulations of the Association,[1] the instances when appellees' predecessor was admitted to the Association in September 1919 and November 1922 can not be taken into consideration in order to determine her right to insurance because she waived all the rights acquired during those two

---

[1] "Section 3.—SANCTIONS: If the period of fifteen (15) days of grace has elapsed without a member paying the corresponding dues, said member shall be considered as waiving all his rights in the Teachers' Association of Puerto Rico; it being understood, that the presentation of the receipt to the member or any other analogous action of collection by the Local Treasurer or his agent shall be considered as a formal act of collection to the member.

"The payment of monthly dues after the period of fifteen (15) days of grace has elapsed entitles the delinquent member to his right of voice; but suspends his other rights in the Association for a term of thirty (30) days after the payment has been effected.

"Up to five (5) delinquent dues may be paid without need to pay the readmission fee; but upon payment of one or more delinquent dues, the member does not recover his previous rights, except that of voice, until after thirty (30) days have elapsed.

"If the sixth dues is indebted and not paid within the period of grace, the delinquent member *can recover his status as an active member by paying his admission fee and the monthly dues corresponding to the month of readmission.* In such cases the Local Board of the Association to which he belonged or the Local to which he wishes to be readmitted or the President of the Association, may require a medical certificate from petitioner if it deems it convenient." (Italics ours.)

periods because of nonpayment of the dues fixed by the Regulations. Since her last admission to the Association took place in October 1934, when appellees' predecessor was over 45 years of age, appellant contends that Article XI, § I, Paragraph E, of the Regulations of the Association is in point. It provides, among other things, that "The members who upon admission or readmission to this Association are forty-five (45) years old shall not be entitled to the benefits of the insurance . . ." As to the "proviso" of the same Paragraph E of the cited § I, and which establishes that the age limitation does not hold for the members who have paid the dues for twenty or more years since their admission in the Association, appellant contends that the same is not applicable to the instant case, inasmuch as when the predecessor died she had only paid for 15 years since the date of her last admission to the Association, that is, October 1934. Appellant argues that the intention of the Association in incorporating the referred "proviso" was none other than to protect the beneficiaries of those teachers who, not being entitled to the insurance because they were over 45 years old at the time of the admission or readmission, have been paying their dues for 20 or more years. Appellant contends that if the "proviso" is construed in any other sense, then the provisions of Article IV of the Regulations which establish that the teacher who fails to pay the dues waives all his rights in the Association, would be deluded.

We are not construing Paragraph E of § 1, Article XI of the Regulations of the Association in the manner appellant does. Applying said paragraph to the facts stipulated in this case we have that although it is true that Ana Bosch de Aparicio was over 45 years of age at the time of her last admission to the Association in October 1934, it is none the less true that she paid the dues to said Association for over 20 years since her initial admission in September 1919 until the time of her death in 1949. The construction pre-

tended by appellant would require that those "20 or more years" be continuous from the date of *readmission*, which would be tantamount to introducing a term not included in the referred "proviso" of the afore-cited Paragraph E, and which only requires that said dues be paid from the date of *admission*. We must construe said "proviso" in the light most favorable to the beneficiary and against the insurer. *Susoni* v. *Pacific Woodmen Life Ass'n*, 51 P.R.R. 521; *Nazario* v. *Atlas Assurance Co.*, 25 P.R.R. 501; *Johnson* v. *Maryland Casualty Co.*, 125 F. 2d 337; *Life & Casualty Ins. Co. of Tennessee* v. *Kinney*, 177 S. W. 2d 768; *Shain* v. *Mutual Benefit, Health & Accident Ass'n*, 7 N. W. 2d 806; 29 Am. Jur. 180, § 166; *Morgan* v. *Pacific Life Benefit Ass'n*, 147 P. 2d 1013; *Wait* v. *Journeymen Barbers' International Union*, 297 N. W. 630; *Koenig* v. *Journeymen Barbers, H. & C. International Un.*, 20 N. W. 2d 332; 1 Couch, Cyclopedia of Insurance Law, § § 168, 186*a*, 188 and 188*b*.

*Wait* v. *Journeymen Barbers' International Union, supra,* ratified in *Koenig* against the same defendant, *supra,* presents a similar situation. There a member of the Union, who was insured with it since 1919 was suspended because of delinquency in the payment of dues in the year 1936. In 1937 he was readmitted and continued an active member until his death in 1939. The policy required that the insured be a "continuous contributing member" during fifteen or more years so that the beneficiaries be entitled to the maximum of the policy. The court decided that there was nothing in the policy requiring that the 15 years of continuous membership be immediately prior to the insured's death and that since decedent had been a contributing member for over 15 years since his initial admission to the Union, the beneficiaries were entitled to the maximum policy.

In *Koenig, supra,* the facts are still stronger. The member was admitted to the Union in 1911 and he remained in good standing until 1930 when he retired from the Union.

In August 1933 he was permitted to return and in November of that same year he was suspended for nonpayment of dues. Two years later, in 1935, he was again admitted as a member and paid the required charges for readmission and remained a member in good standing until his death in 1944. Applying the same doctrine as in *Wait, supra,* to the effect that the duty of the court was to construe defendant's contractual obligation in the light most favorable to the beneficiary, it was decided that the beneficiary was entitled to the maximum amount of the policy because the insured had been "a continuous contributing member" of the Union for over fifteen years.

Section 3 of Article IV of the Regulations of the Association—see note 1—establishes sanctions against the members who fail to pay the dues and it is provided that a member may pay up to five delinquent dues without need to pay the readmission fee and that "If the sixth dues is indebted and not paid within the period of grace, the delinquent member can recover his status as an active member by paying his admission fee and the monthly dues corresponding to the month of readmission." This § 3 also provides that if the time to pay the dues expires, without said payment taking place, the member is then considered as "waiving all his rights in the Teachers' Association of Puerto Rico."

The previous sanctions can not affect the rights of the member who fails to pay six dues if he pays his admission fee and the monthly dues corresponding to the month of readmission, since at that instance said member "recovers his status as an active member" and therefore, is entitled to the benefit of the insurance granted by Paragraph E, Section I, Article XI of the Regulations to those members who are admitted or readmitted after their 45th birthday but who have paid their dues corresponding to 20 or more years after their admission to the Association. From the stipu-

lated facts it appears that appellee's predecessor paid in October 1934 her readmission fee and the dues for October 1934. Consequently, she "recovered her status as an active member."

██ As to the amount of the benefits to which defendants may be entitled, as beneficiaries of Ana Bosch de Aparicio, the parties agreed in the "Supplementary Stipulation" that if the date of her last readmission to the Association, that is, October 1934 was taken into account, the benefits would amount to $671.25, but if her initial admission to the Association, that is, September 1919, were considered, then the benefits would amount to $1,055.22. The lower court granted this last sum.

Appellant as to this particular, quotes Paragraph D of § 1, Article XI of the Regulations of the Association which establishes that "The rights to the benefits of the insurance shall accrue six (6) months from the date of admission or *readmission* of the member to this Association" and alleges that if the appellee were entitled to receive the benefits of the insurance the latter would start to run six months after predecessor's readmission to the Association, that is, six months from October 1934, which was the date of her last admission to the Association, and therefore in such case they would be entitled the amount of $671.25 pursuant to what was agreed in the "Supplementary Stipulation." Appellant also urges that the right of appellees at the time of the initial admission of their predecessor on September 19 is not retroactive, because she waived those rights in June 1921 when she failed to pay her dues, and once more she waived them in February 1931 for nonpayment of dues after her readmission in November 1922. In our opinion appellant is correct.

Paragraph D, *supra*, is a part, like Paragraph E already cited, of the insurance contract of the members of the Association. Although Paragraph D is of a general character

and Paragraph E is of a special character, they are not in conflict, as the lower court held and they may be applied independently of each other. As we have already stated, Paragraph E refers to a requirement *of age* in order to be entitled to the insurance, which requirement is *dispensed with* if the member has paid the dues for twenty or more years since her *admission* in the Association, while Paragraph D only establishes an initial date in order to be *entitled* to the benefits of the insurance, which date shall be counted from the sixth month subsequent to the admission or *re-admission* of the member.

The requirement of age was dispensed with in the case of appellee's predecessor because she paid for over twenty years her dues since her admission as a member. However, the right to the benefits of the insurance could not accrue until six months after the date of readmission in 1934.

The judgment appealed from will be modified reducing the amount awarded from $1,055.22 to $621.75 and as modified it will be affirmed.

